Jaime G. PORTUGAL, et al., Appellants,

v.

Thomas H. JACKSON, Jr., M.D.,
Appellee.

No. 10–82–150–CV.

Court of Appeals of Texas,
Waco.

Feb. 10, 1983.

Rehearing Denied March 24, 1983.

Thomas R. Needham, Joe Johnson, Jr., Ford, Livingston, Needham & Johnson, Dallas, for appellants.

Noley R. Bice, Jr., Steven L. Wells, Fulbright, Winniford, Bice & Marable, P.C., Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Plaintiffs from an order dismissing Defendant Dr. Thomas H. Jackson from a medical malpractice suit brought against sixteen Defendants.

As a result of Ethelyn Jene Portugal's death occurring February 26, 1980 Plaintiffs brought this suit under the Wrongful Death and Survival Statute, filing original petition on June 19, 1980 and naming as Defendants Hoffman-LaRoche, Inc. and Dr. O.W. Dana. On February 29, 1982 by First Amended Petition Plaintiffs additionally sued a hospital, a hospital administrator, 4 medical associations, and 8 additional doctors, which included Dr. Thomas H. Jackson.

Defendant Jackson filed Special Exceptions to Plaintiffs' allegations as to him, which the trial court sustained on March 18, 1982, ordering Plaintiffs to replead as to Dr. Jackson by May 7, 1982 "alleging in specific manner and in detail all acts, whether of omission or commission, asserted against Dr. Jackson as constituting carelessness, recklessness, willful and wanton misconduct, or conscious indifference and that each and every item of damages asserted against Defendant Jackson by Plaintiffs be specifically stated and itemized * * ".

Plaintiffs filed their Second Amended Petition on May 7, 1982, but only realleged the same matters in a very slightly different

format, (and omitted the allegation of misdiagnosis) against Defendant Jackson. On May 14, 1982, Defendant Jackson filed Motion to Dismiss Plaintiffs' suit as to him because of Plaintiffs' failure to comply with the court's order of March 18, 1982. Hearing on such motion to dismiss was had before Judge Walter Smith, who after hearing granted Defendant Jackson's motion to dismiss, severed the cause against Defendant Jackson from the remainder of the suit, and dismissed Plaintiffs' cause of action against Dr. Jackson on August 31, 1982.

Plaintiffs filed Motion for Reconsideration before Judge Derwood Johnson, who refused to hear the Motion for Reconsideration.

Plaintiffs appeal on 2 points asserting the trial court erred:

1) In holding Plaintiffs had not complied with the court's order to amend their petition and in dismissing Dr. Jackson as a Defendant in this cause.

2) In dismissing Defendant Jackson based on the allegations in Plaintiffs' Second Amended Petition where no special exceptions were levelled at such petition.

■ The purpose of the plaintiff's petition is to inform the court and the defendant of what their contentions will be at trial, and the office of special exceptions is to furnish defendant a medium by which to force clarification and specification in the pleadings when they are not clear or sufficiently specific. *Farias v. Besteiro,* Tex.Civ. App. (Corpus Christi) N.R.E., 453 S.W.2d 314.

■ The trial court has wide discretion in ruling on special exceptions and his action in sustaining them, where he grants leave to amend, will not be disturbed on appeal in the absence of an abuse of discretion. *Farias,* supra; *Arrow Chemical Corp. v. Anderson,* Tex.Civ.App., (Dallas) N.R.E., 386 S.W.2d 309. When the trial court requires a repleader, the litigant must obey the order and file a curative amendment or suffer the consequences of dismissal. *Ware v. Crystal City Ind. School Dist.,* Tex.Civ. App. (San Antonio) Er.Dism'd, 489 S.W.2d

190; *Shaw v. Universal Life & Accident Ins. Co.,* Tex.Civ.App. (Dallas) Dism'd Jdmt Cor., 123 S.W.2d 738; *City of Roma v. Starr County,* Tex.Civ.App. (San Antonio) 428 S.W.2d 851.

■ In the case at bar, Plaintiffs filed an amended pleading, but only realleged the same matters as in the pleading to which exceptions were sustained, in a slightly different format, and in no way obeyed the trial court's order of March 18, 1982.

In such posture, Plaintiffs have in effect refused to comply with the trial court's order and chosen to stand by their prior pleading. In such case the trial court may dismiss the cause, *McCamey v. Kinnear,* Tex.Civ.App. (Beaumont) N.R.E., 484 S.W.2d 150.

Plaintiffs' points are overruled.

AFFIRMED.