OPINION



No. 04-02-00881-CV


Ian HEFLEY,

Appellant


v


SENTRY INSURANCE CO.,

Appellee


From the 224th Judicial District Court, Bexar County, Texas

Trial Court No. 2001-CI-06016

Honorable David Peeples, Judge Presiding (1)


Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: November 26, 2003


AFFIRMED


 Ian Hefley ("Hefley") appealed the decision of the Texas Workers' Compensation Commission
Appeals Panel by filing suit in district court. Prior to trial, Sentry Insurance Co. ("Sentry") filed special
exceptions to portions of Hefley's pleadings. Ultimately, the trial court struck Hefley's pleadings that
claimed Sentry failed to timely dispute his injury under section 409.021 of the Texas Labor Code. Hefley
now appeals the trial court's order. We affirm.

Background

 On June 26, 2000, while employed as an assistant manager for a grocery store, Hefley allegedly
suffered a lower back injury while lifting boxes. Seeking compensation for his injury, Hefley filed a claim
with Sentry on July 24, 2000, which was denied nine days later on August 2, 2000. Upon the denial of
his claim, he requested a Benefit Review Conference from the Texas Workers' Compensation Commission
("TWCC"). After the conference, and at the recommendation of the investigating officer, a contested case
hearing was held on January 18, 2001. The initial determination was that Hefley did not sustain a
compensable injury or disability that arose out of this employment. Hefley appealed the decision to the
TWCC Appeals Panel, which reached similar findings as to his injury.

 On May 21, 2002, Hefley filed a petition in district court to set aside the decision of the TWCC
Appeals Panel. Hefley subsequently amended his original petition to allege for the first time that Sentry had
failed to timely dispute his injury. Sentry responded by filing special exceptions asserting Hefley failed to
allege a proper cause of action within the limited waiver provision of section 410.302 of the Texas Labor
Code. Alternatively, Sentry moved to dismiss for want of jurisdiction in the event it was determined Hefley
did not limit his pleadings to the issues presented to the TWCC. The trial court subsequently granted
Sentry's special exceptions while denying its plea to the jurisdiction.


 In his second amended petition, Hefley again raised Sentry's failure to timely dispute his injury
within the confines of sections 409.021 and 409.022. Furthermore, he stated that the TWCC refused to
recognize this Court's holding in Downs v. Cont'l. Cas. Co., 32 S.W.3d 260 (Tex. App.-San Antonio
2000), aff'd, 81 S.W.3d 803 (Tex. 2002), determining that a carrier which fails to dispute a claim within
a seven-day period after receiving notice of an injury automatically defaults its right to contest
compensability as a matter of law.

 Upon reviewing his second amended petition, the trial court struck the waiver provision alleged in
Hefley's pleadings. Additionally, the trial court denied Sentry's motion for reconsideration as to lack of
jurisdiction. The case went to the jury which ultimately determined that Hefley did not sustain a work-related injury or disability as a result of the occurrence on June 26, 2000. Subsequently, both Hefley and
Sentry filed notices of appeal.

Standard of Review 

 The purpose of the plaintiff's petition is to inform the court and the defendant of what its contentions
will be a trial, while the purpose of special exceptions is to force clarification and specification in the
pleadings, when they are not clear or sufficiently specific. See Portugal v. Jackson, 647 S.W.2d 393,
394 (Tex. App.--Waco 1983, writ ref'd n.r.e.). If the trial court sustains special exceptions and requires
a party to replead, the litigant must obey the order and file a curative amendment or suffer the
consequences of dismissal. See id. 

 The trial court has broad discretion in granting special exceptions, and an appellate court will not
disturb that ruling absent an abuse of discretion. See J.M. Huber Corp. v. Santa Fe Energy Resources,
Inc., 871 S.W.2d 842, 844 (Tex. App.--Houston [14th Dist.] 1994, no writ). The test for abuse of
discretion is not whether, in the reviewing court's opinion, the facts present a proper case for the trial
court's action. Rather, the question is whether the trial court acted without reference to any guiding rules
or principles. See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997). The party challenging the
decision must establish that both the facts and the law permit the trial court to make only one decision. See
id. 

Analysis

 In one issue, Hefley argues that the trial court erred in striking Hefley's waiver allegations. We
disagree. "Judicial review of a final decision of a commission appeals panel regarding compensability or
eligibility for or the amount of income or death benefits shall be conducted as provided by [subchapter G]."
Tex. Lab. Code Ann. § 410.301 (Vernon 1996). "A trial under [subchapter G] is limited to issues
decided by the commission appeals panel and on which judicial review is sought." Id. at § 410.302. 

 It is undisputed that the TWCC appeals panel did not decide whether Sentry's failure to comply
with section 409.021 waived his right to contest compensability. Therefore, this issue was beyond the
permissible scope of trial under the express terms of section 410.302. Id. Accordingly, the trial court did
not err in striking Hefley's waiver allegations.

 Hefley asserts on appeal that he should be excused from the application of section 410.302
because the TWCC, by way of Advisory 2000-07, was refusing to follow this Court's decision in Downs
v. Continental Casualty Co. In his reading of Advisory 2000-07, Hefley misinterprets the significance
of the opinion. It states:

 On August 16, 2000, the 4th Court of Appeals in San Antonio issued a revised
decision in the case of Downs v. Continental Casualty Co., Cause No. 04-99-00111-CV. That decision held a "carrier waives its right to deny compensability
if it fails to comply with section 409.021(a) of the Texas Labor Code by either
agreeing to begin payment of benefits or giving notice of its refusal to pay within
seven days after receiving written notice of an injury." The Commission
understands that the decision has not become final as of this date and that further
requests for review of that decision will be made by one or more of the parties to
that case.


 After consultation with the Office of the Attorney General in light of §410.205(b)
of the Texas Labor Code, the Commission understands that the August 16th
decision in the Downs case should not be considered as precedent at least until it
becomes final upon completion of the judicial process... 


 The TWCC was not, as Hefley states, refusing "to follow and apply the law." Rather it was
acknowledging the law regarding finality of judgments. Montgomery v. Kennedy, 669 S.W.2d

309, 312 (Tex. 1984). Advisory 2000-07 simply states that Downs had not been finalized, and therefore,
its precedential value would be limited until the judicial process had been completed. Thus, it was not a
departure from the law which deprived Hefley of an administrative remedy or made his administrative
remedy inadequate. Rather, Hefley failed to exercise a right. By failing to do so, however, he is precluded
from doing so for the first time in the trial court.

Conclusion 

 Because we conclude the trial court did not abuse its discretion in granting Sentry's special
exceptions, we need not address Sentry's alternative argument.


 Phylis J. Speedlin, Justice

 



1. The Honorable David Peeples, judge of the 224th Judicial District Court, Bexar County, Texas presided
over the trial of this matter. The Honorable Pat Boone, judge of the 57th Judicial District Court, however, granted the
special exceptions at issue in this appeal.