Ian **HEFLEY**, Appellant,

v.

**SENTRY INSURANCE CO.,** Appellee.

No. 04–02–00881–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 26, 2003.

Rehearing Overruled March 15, 2004.

From the 224th Judicial District Court, Bexar County, David Peeples, Judge.[1]

Kevin B. Miller, Law Offices of Miller & Associates, and Alan D. Tysinger, Miller & Tysinger, P.C., San Antonio, for Appellant.

William J. Gamble, Torres, Gamble & Schuchart, P.C., Castroville, for Appllee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

PHYLIS J. SPEEDLIN, Justice.

Ian Hefley ("Hefley") appealed the decision of the Texas Workers' Compensation Commission Appeals Panel by filing suit in district court. Prior to trial, Sentry Insurance Co. ("Sentry") filed special exceptions to portions of Hefley's pleadings. Ultimately, the trial court struck Hefley's pleadings that claimed Sentry failed to timely dispute his injury under section 409.021 of the Texas Labor Code. Hefley now appeals the trial court's order. We affirm.

## BACKGROUND

On June 26, 2000, while employed as an assistant manager for a grocery store, Hefley allegedly suffered a lower back injury while lifting boxes. Seeking compensation for his injury, Hefley filed a claim with Sentry on July 24, 2000, which was denied nine days later on August 2, 2000. Upon the denial of his claim, he requested a Benefit Review Conference from the Texas Workers' Compensation Commis-

sion ("TWCC"). After the conference, and at the recommendation of the investigating officer, a contested case hearing was held on January 18, 2001. The initial determination was that Hefley did not sustain a compensable injury or disability that arose out of this employment. Hefley appealed the decision to the TWCC Appeals Panel, which reached similar findings as to his injury.

On May 21, 2002, Hefley filed a petition in district court to set aside the decision of the TWCC Appeals Panel. Hefley subsequently amended his original petition to allege for the first time that Sentry had failed to timely dispute his injury. Sentry responded by filing special exceptions asserting Hefley failed to allege a proper cause of action within the limited waiver provision of section 410.302 of the Texas Labor Code. Alternatively, Sentry moved to dismiss for want of jurisdiction in the event it was determined Hefley did not limit his pleadings to the issues presented to the TWCC. The trial court subsequently granted Sentry's special exceptions while denying its plea to the jurisdiction.

In his second amended petition, Hefley again raised Sentry's failure to timely dispute his injury within the confines of sections 409.021 and 409.022. Furthermore, he stated that the TWCC refused to recognize this Court's holding in *Downs v. Cont'l. Cas. Co.*, 32 S.W.3d 260 (Tex.App.-San Antonio 2000), *aff'd*, 81 S.W.3d 803 (Tex.2002), determining that a carrier which fails to dispute a claim within a seven-day period after receiving notice of an injury automatically defaults its right to contest compensability as a matter of law.

Upon reviewing his second amended petition, the trial court struck the waiver

---

1. The Honorable David Peeples, judge of the 224th Judicial District Court, Bexar County, Texas presided over the trial of this matter. The Honorable Pat Boone, judge of the 57th Judicial District Court, however, granted the special exceptions at issue in this appeal.

provision alleged in Hefley's pleadings. Additionally, the trial court denied Sentry's motion for reconsideration as to lack of jurisdiction. The case went to the jury which ultimately determined that Hefley did not sustain a work-related injury or disability as a result of the occurrence on June 26, 2000. Subsequently, both Hefley and Sentry filed notices of appeal.

### STANDARD OF REVIEW

■■■ The purpose of the plaintiff's petition is to inform the court and the defendant of what its contentions will be at trial, while the purpose of special exceptions is to force clarification and specification in the pleadings, when they are not clear or sufficiently specific. *See Portugal v. Jackson*, 647 S.W.2d 393, 394 (Tex.App.-Waco 1983, writ ref'd n.r.e.). If the trial court sustains special exceptions and requires a party to replead, the litigant must obey the order and file a curative amendment or suffer the consequences of dismissal. *See id.*

■■■ The trial court has broad discretion in granting special exceptions, and an appellate court will not disturb that ruling absent an abuse of discretion. *See J.M. Huber Corp. v. Santa Fe Energy Resources, Inc.*, 871 S.W.2d 842, 844 (Tex. App.-Houston [14th Dist.] 1994, no writ). The test for abuse of discretion is not whether, in the reviewing court's opinion, the facts present a proper case for the trial court's action. Rather, the question is whether the trial court acted without reference to any guiding rules or principles. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997). The party challenging the decision must establish that both the facts and the law permit the trial court to make only one decision. *See id.*

### ANALYSIS

■■ In one issue, Hefley argues that the trial court erred in striking Hefley's waiver allegations. We disagree. "Judicial review of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by [subchapter G]." TEX. LAB.CODE ANN. § 410.301 (Vernon 1996). "A trial under [subchapter G] is limited to issues decided by the commission appeals panel and on which judicial review is sought." *Id.* at § 410.302.

It is undisputed that the TWCC appeals panel did not decide whether Sentry's failure to comply with section 409.021 waived his right to contest compensability. Therefore, this issue was beyond the permissible scope of trial under the express terms of section 410.302. *Id.* Accordingly, the trial court did not err in striking Hefley's waiver allegations.

Hefley asserts on appeal that he should be excused from the application of section 410.302 because the TWCC, by way of Advisory 2000–07, was refusing to follow this Court's decision in *Downs v. Continental Casualty Co.* In his reading of Advisory 2000–07, Hefley misinterprets the significance of the opinion. It states:

> On August 16, 2000, the 4th Court of Appeals in San Antonio issued a revised decision in the case of *Downs v. Continental Casualty Co.*, Cause No. 04–99–00111–CV. That decision held a "carrier waives its right to deny compensability if it fails to comply with section 409.021(a) of the Texas Labor Code by either agreeing to begin payment of benefits or giving notice of its refusal to pay within seven days after receiving written notice of an injury." The Commission understands that the decision has not become final as of this date and that further requests for review of that

decision will be made by one or more of the parties to that case.

After consultation with the Office of the Attorney General in light of § 410.205(b) of the Texas Labor Code, the Commission understands that the August 16th decision in the *Downs* case should not be considered as precedent at least until it becomes final upon completion of the judicial process ...

The TWCC was not, as Hefley states, refusing "to follow and apply the law." Rather it was acknowledging the law regarding finality of judgments. *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984). Advisory 2000–07 simply states that *Downs* had not been finalized, and therefore, its precedential value would be limited until the judicial process had been completed. Thus, it was not a departure from the law which deprived Hefley of an administrative remedy or made his administrative remedy inadequate. Rather, Hefley failed to *exercise* a right. By failing to do so, however, he is precluded from doing so for the first time in the trial court.

### CONCLUSION

Because we conclude the trial court did not abuse its discretion in granting Sentry's special exceptions, we need not address Sentry's alternative argument.