Opinion issued February 3, 2005



     









In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01079-CV




DOV AVNI KAMINETZKY, INDIVIDUALLY AND AS ASSIGNEE OF CO-VICTIMS, Appellant

V.

PARK NATIONAL BANK OF HOUSTON, TEXAS, N/K/A FROST
NATIONAL BANK OF SAN ANTONIO, TEXAS, SURVIVING
SUCCESSOR BY MERGER, UNIT OF CULLEN/FROST BANKERS,
Appellee




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2000-08847




MEMORANDUM OPINION

          In this appeal from a bill of review proceeding, appellant, Dov Avni
Kaminetzky, Individually and as Assignee of Co-Victims (“Kaminetzky”) challenges
the trial court’s June 6, 2003 order dismissing all of his claims. In eight issues,
Kaminetzky asserts (1) that the trial court’s June 6, 2003 order was not a final
judgment and that the trial court erred by (2) not ruling on discovery motions; (3) not
ruling on Kaminetzky’s motion for summary judgment; (4) not taking judicial notice
of specific facts; (5) granting special exceptions and dismissing cause No. 2000-08847 before trial; (6) not recusing itself; and (7) refusing Kaminetzky’s request for
findings of fact and conclusions of law. We disagree and affirm the judgment of the
trial court.
Background
          In 1991, appellee, Park National Bank of Houston, Texas n/k/a Frost National
Bank of San Antonio, Texas, Surviving Successor by Merger, Unit of Cullen/Frost
Bankers (“PNB”), foreclosed on a car wash property that was secured by a promissory
note held by PNB. After the sale, Kaminetzky and others filed suit against PNB in
cause no. 91-106901 (the “1991 case”), asserting that no deficiency was owed. PNB
counter-claimed against Kaminetzky and others. The 1991 case was filed in the
333rd District Court, Judge Bianchi presiding.


 
          After a jury trial, the jury returned a verdict in favor of PNB. Kaminetzky
appealed the jury’s verdict to this Court. We affirmed the judgment of the trial court. 
See Kaminetzky v. Park Nat’l Bank of Houston, No. 01-96-01002-CV, 2001 WL
832350 (Tex. App.—Houston [1st Dist.] Jul. 19, 2001, writ denied). Kaminetzky
filed an application for writ of error, which the Texas Supreme Court denied.
          While the appeal in cause no. 01-96-01002-CV was pending, Kaminetzky filed
a bill of review in the 333rd District Court in cause no. 2000-08847 (the “2000
case”). PNB specially excepted to Kaminetzky’s pleadings in the 2000 case, which
Judge Halbach sustained. 
          Although Kaminetzky amended his pleadings, PNB specially excepted a
second time. The trial court held a hearing and entered an agreed order on October
10, 2002, requiring Kaminetzky to replead. The order further provided:
          1.       [Kaminetzky] is ordered to file on or before October 14, 2002 two                     separate pleadings as follows:
 
                    a.       A verified (second) amended petition raising any and all bill of
review attacks upon this Court’s Judgment of April 17, 1996 in
case number 1991-16901, which have been the subject of
[Kaminetzky’s] Approved Bill of Review proceedings; and
 
                    b.       A second, verified supplemental pleading to the Amended
Petition identifying any and all other claims by Kaminetzky
against [PNB] that are not related to the bill of review that he is
[sic] pursuing. 
          . . .

          5.       At the hearing on the pleadings and motions the Court shall rule upon                     the pending motions to compel discovery . . . . The Court will, at the                     hearing, address by way of status conference, the issues that remain in                     the case . . . .
 
The order further stated, “[A]ll discovery and discovery related motions are abated
pending an assessment of discovery as it relates to any claims that remain after the
Court’s rulings at the hearing to be scheduled.”
          After Kaminetzky had filed his amending pleadings, PNB filed its third set of
special exceptions and asked the trial court to dismiss Kaminetzky’s claims. On June
6, 2003, the trial court sustained PNB’s third set of special exceptions and found that,
“Kaminetzky having failed to submit facts that support a bill of review cause of
action or other supplemental cause of action, the claims asserted by Kaminetzky in
this proceeding are hereby dismissed.” Kaminetzky appeals from the June 6, 2003
dismissal order.
Discussion
Final Judgment
          In his first point of error, Kaminetzky contends that the June 6, 2003 order is
not a final judgment. Specifically, Kaminetzky asserts that the trial court’s order is
not a final judgment because it does not (1) contain the full names of the parties as
stated in the pleadings; (2) dismiss the entire case; and (3) identify the parties to the
lawsuit in the same capacities under which Kaminetzky brought suit and PNB was
sued. 
          Because our jurisdiction over this appeal depends on a final judgment, we
determine whether the trial court’s June 6, 2003 order constitutes a final judgment. 
See Houston Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex.
1986). Since Lehmann v. Har-Con Corp., it has been settled that no magic words are
required to make a judgment rendered other than after a trial on the merits final. 39
S.W.3d 191, 192–93 (Tex. 2001). A judgment is final for purposes of appeal if it
actually disposes of all claims and parties, regardless of its language, or states with
unmistakable clarity that it is a final judgment as to all claims and parties. Id. 
Whether a judgment is final must be determined from its language and the record in
the case. Id. at 195.
          After reviewing the trial court’s June 6, 2003 order, we conclude that it
disposed of all claims and parties. The order considers “all such claims and causes
of action for bill of review.” The order also states, “[T]he claims asserted by Dov
Avni Kaminetzky in this proceeding are hereby dismissed.” Tellingly, in his motion
to vacate the trial court’s dismissal order, Kaminetzky even referred to the June 6,
2003 order as the order that “dismissed the entire case.” (Emphasis added). After the
trial court signed the June 6, 2003 order, there were no remaining issues to be
disposed of. We hold that the judgment is final for purposes of appeal.
          We overrule Kaminetzky’s first point of error.
 
Discovery Motions
          In his second point of error, Kaminetzky argues that the trial court erred by not
ruling on discovery motions. On July 11, 2000, Kaminetzky served PNB with his
First Set of Interrogatories, Requests For Admissions and Request for Production of
Documents and Tangible Things. Kaminetzky later served PNB with a variety of
other discovery requests.
          Each time Kaminetzky filed discovery requests, PNB filed a responsive
objection. This process continued until October 8, 2002, when the parties signed an
agreed order. The order stated “that all discovery and discovery related motions are
abated pending an assessment of discovery as it relates to any claims that remain after
the Court’s rulings at the hearing to be scheduled.” The abatement of discovery
would last until the trial court determined whether Kaminetzky’s bill of review
pleading stated a claim on which relief could be granted. After Kaminetzky had
repleaded his claims, the trial court determined that “[Kaminetzky] failed to submit
facts that support a bill of review cause of action or other supplemental cause of
action.” The trial court dismissed all of Kaminetzky’s claims, as we discussed above,
and, therefore, no discovery remained to be taken. The trial court did not abuse its
discretion in not ruling on discovery motions when all claims had been dismissed.
          We overrule Kaminetzky’s second point of error.
 
Motion for Summary Judgment
          In his third point of error, Kaminetzky argues that the trial court erred by not
ruling on his motion for summary judgment. Kaminetzky filed a motion for summary
judgment on May 25, 2001. He states that the motion was set for “ruling” on June 18,
2001. Kaminetzky argues that the trial court abused its discretion by refusing to rule
on his motion for summary judgment. We disagree.
          The record reflects that Kaminetzky initially filed his no-evidence motion for
summary judgment on May 25, 2001. PNB filed a response to the motion, arguing
that Kaminetzky’s motion was defective because it did not satisfy the requirements
of the no-evidence summary judgment rule, rule 166a(I). See Tex. R. Civ. P. 166a(I). 
PNB’s response also requested a continuance pursuant to rule 166a(f) to obtain
additional evidence. See Tex. R. Civ. P. 166a(f). Kaminetzky filed a notice of oral
hearing on his motion for summary judgment on July 19, 2002, requesting a hearing
on August 9, 2002. Kaminetzky then filed his first amended no-evidence motion for
summary judgment on July 23, 2002. The hearing on the motion for summary
judgment was reset for September 13, 2002. On October 10, 2002, the trial court
entered an agreed order, which provided that “all pending motions for summary
judgment are passed and will not be reset until after [the to-be-scheduled] status
conference” that was to occur after Kaminetzky had filed his amended bill of review;
PNB would then have an opportunity to object to the amended bill of review. 
Kaminetzky filed his second amended bill of review on October 14, 2002, and the
trial court dismissed all of his claims on June 6, 2003. Accordingly, no claims
remained to be decided by summary judgment. We cannot conclude that the trial
court abused its discretion by not ruling on Kaminetzky’s motion for summary
judgment. 
          We overrule Kaminetzky’s third point of error.



Special Exceptions and Motion to Dismiss
          In his fifth and seventh points of error, Kaminetzky argues that the trial court
abused its discretion by granting PNB’s special exceptions and motion to dismiss. 
Specifically, he asserts that the special exceptions were vague and improper, and the
motion to dismiss was not signed.
          Special Exceptions
          After Kaminetzky had filed his second amended bill of review, PNB filed its
third set of special exceptions. PNB’s special exceptions alleged that Kaminetzky’s
bill of review did not state an independent claim on which relief could be granted. 
The trial court sustained the special exceptions and dismissed all of Kaminetzky’s
claims on June 6, 2003.
          The controlling issue in a case in which the trial court sustains special
exceptions and dismisses a cause of action following the plaintiff’s failure to amend
properly is the propriety of the trial court’s ruling sustaining the special exceptions. 
Cole v. Hall, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ denied); McCamey
v. Kinnear, 484 S.W.2d 150, 152 (Tex. Civ. App.—Beaumont 1972, writ ref’d n.r.e.). 
An appellant who complains of the dismissal of a cause of action following the
sustaining of special exceptions must first attack the trial court’s decision to sustain
the special exceptions and then attack the court’s decision to dismiss the cause of
action. Cole, 864 S.W.2d at 566.
          When an appellant attacks a trial court’s order sustaining special exceptions
and dismissing a cause of action, we review the pleading to determine whether the
trial court abused its discretion in sustaining the special exceptions. Id.; Bader v.
Cox, 701 S.W.2d 677, 686 (Tex. App.—Dallas 1985, writ ref’d n.r.e.). The test for
abuse of discretion is whether the court acted without reference to any guiding rules
and principles or whether the act was arbitrary and unreasonable. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1986). If the pleading
does not state a cause of action, the trial court does not err in dismissing the entire
case. Cole, 864 S.W.2d at 566; Hubler v. City of Corpus Christi, 564 S.W.2d 816,
820 (Tex. Civ. App.—Corpus Christi 1978, writ ref’d n.r.e.).
          Kaminetzky asserts that the trial court abused its discretion in two ways when
it granted PNB’s special exceptions. First, he argues that the special exceptions were
vague. Second, he argues that PNB made a “bold assertion” and an improper
objection when it pleaded that Kaminetzky’s actual pleading omitted elements.
Kaminetzky does not assert that his pleadings state a claim on which relief can be
granted or that the pleadings allege all of the elements of a bill of review cause of
action. Other than the two arguments mentioned, Kaminetzky makes no other
arguments on how the trial court erred in granting the special exceptions. 
          Because Kaminetzky attacks only the adequacy of PNB’s special exceptions,
we limit our review to those special exceptions. After carefully reviewing PNB’s
special exceptions, we conclude that the special exceptions were sufficient to
properly alert Kaminetzky to the deficiencies in his amended bill of review. See
Hefley v. Sentry Ins. Co., 131 S.W.3d 63, 65 (Tex. App.—San Antonio 2003, pet.
denied). Specifically, the special exceptions detailed why each element of
Kaminetzky’s bill of review lacked merit and did not state a claim. Accordingly, we
conclude that the special exceptions were not vague—they were sufficient to alert
Kaminetzky to the deficiencies in his bill of review. 
          Motion to Dismiss
          In a related point, Kaminetzky argues in his seventh point of error that the trial
court erred in granting PNB’s motion to dismiss because the motion did not have a
signature page. Kaminetzky does not argue that he did not have notice of the special
exceptions or motion to dismiss. Further, Kaminetzky provides no citation to the
record where he made the trial court aware of his complaint before the trial court
ruled on the motion to dismiss. See Tex. R. App. P. 33.1. PNB filed a supplemental
clerk’s record with a signed copy of its special exceptions and motion to dismiss,
including an explanation on why the original motion did not have a signature page. 
Accordingly, this point is without merit. 
          We overrule Kaminetzky’s fifth and seventh points of error.
Recusal
          In his sixth point of error, Kaminetzky asserts that the trial judge erred by not
recusing himself. Kaminetzky alleges that the trial judge was a material witness to
an ex-parte communication and thus had to recuse himself pursuant to the Texas
Rules of Civil Procedure. See Tex. R. Civ. P. 18b(2)(c).



          To recuse a judge, any party may file a motion stating grounds why the judge
before whom the case is pending should not sit in the case. Tex. R. Civ. P. 18a(a). 
The motion must be filed at least ten days before the date set for trial or other hearing,
be verified, and state with particularity the grounds for recusal. Id. Before
proceeding further in the case, the judge must either recuse himself or, if he declines
recusal, request the presiding judge of the administrative judicial district to assign a
judge to hear the motion. Tex. R. Civ. P. 18a(c), (d). 
          Kaminetzky has not cited to any place in the record where he filed a motion to
recuse, and we do not find one. The trial judge was not obligated to recuse himself
without a request to do so. Gill v. Tex. Dep’t of Criminal Justice, 3 S.W.3d 576, 579
(Tex. App.—Houston [1st Dist.] 1999, no pet.); Hall v. Treon, 39 S.W.3d 722, 723
(Tex. App.—Beaumont, 2001, no pet.). Without a motion to recuse and a ruling on
it, there is nothing to review on appeal. 
          We overrule Kaminetzky’s sixth point of error.
Findings of Fact and Conclusions of Law
          In his eighth point of error, Kaminetzky argues that the trial court abused its
discretion in refusing to file findings of fact and conclusions of law. Specifically,
Kaminetzky argues that rule 297 of the Texas Rules of Civil Procedure requires the
trial court to file findings of fact and conclusions of law. See Tex. R. Civ. P. 297.
          Although Kaminetzky relies on rule 297,


 the operative rule here is rule 296. 
See Tex. R. Civ. P. 296. Rule 296 provides: “In any case tried in the district or
county court without a jury, any party may request the court to state in writing its
findings of fact and conclusions of law.” Id. (Emphasis added). When no trial has
occurred, the trial court is under no duty to file findings of fact and conclusions of
law. Bruno’s v. Arty’s Imports, Inc., 119 S.W.3d 893, 900 n.2 (Tex. App.—Dallas
2003, no pet.); Kendrick v. Lynaugh, 804 S.W.2d 153, 156 (Tex. App.—Houston
[14th Dist.] 1990, no pet.). Because no trial had occurred in Kaminetzky’s bill of
review cause of action, the trial court had no duty to file findings of fact and
conclusions of law. Id. 
          We overrule Kaminetzky’s eighth point of error.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.