MEMORANDUM OPINION

No. 04-04-00690-CV

Lee FLORES and Michael Flores,
Appellants

v.

MATTHEWS & BRANSCOMB, A Professional Corporation and James H. Robichaux,
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-06050
Honorable Rebecca Simmons, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Sarah B. Duncan, Justice

Delivered and Filed:   April 6, 2005

AFFIRMED
            Lee Flores and Michael Flores (“Flores Brothers”) sued Matthews & Branscomb and James
H. Robichaux alleging fraud and breach of fiduciary duty. The Flores Brothers contend on appeal
that the trial court erred in granting a take nothing summary judgment. We affirm the trial court’s
judgment.
 
Background
            On April 11, 1999, Michael Flores entered into a Pre-Organization Contract with Eric
Gutschow regarding the formation of a business to operate the Centre Theater. Matthews &
Branscomb was later retained and prepared the documents to form the business as a limited liability
company, Flores/Gutschow Enterprises, L.L.C. (“Company”). The Flores Brothers maintain that
Matthews & Branscomb jointly represented the Flores Brothers and Gutschow in forming the
Company. While the Pre-Organization Contract required Michael Flores to make a contribution of
$384,000.00, the Company’s regulations only required a contribution of $800.00. The Company’s
regulations contained a provision stating that they superseded “all prior agreements with respect to
the company, whether oral or written, including the Preorganization Agreement.” The regulations
are dated May 24, 1999.
            On August 22, 1999, Gutschow and the Company sued the Flores Brothers asserting various
causes of action relating to the ownership and operation of the Centre Theater.


 James H. Robichaux
and other attorneys with Matthews & Branscomb represented Gutschow and the Company in the
lawsuit.
            The Flores Brothers claim they directed their attorney to file a motion to disqualify Matthews
& Branscomb. The Flores Brothers also claim they directed their attorney to introduce evidence that
the regulations superseded the Pre-Organization Contract. Although the attorney never responded
to their requests, the attorney continued to represent the Flores Brothers until May 22, 2000. 
            On May 15, 2000, Gutschow filed a motion for partial summary judgment on his claim that
Michael Flores breached the Pre-Organization Contract. On June 2, 2000, the trial court granted a
motion for sanctions, striking the Flores Brothers’ pleadings, dismissing their counterclaims with
prejudice and rendering a default judgment against them. On the same day, the trial court granted
the partial summary judgment ordering Michael Flores to pay Gutschow $385,000.00 for breach of
the Pre-Organization Contract and entering a take nothing judgment with regard to the Flores
Brothers’ counterclaims. Three days later, the trial court entered a final judgment finding that the
Flores Brothers “committed fraud in the inducement.” The final judgment incorporated the partial
summary judgment. The final judgment awarded Gutschow $144,865.05 and the Company
$385,000.00 against the Flores Brothers.
            The Flores Brothers filed a motion for new trial. The defense with regard to the regulations
superseding the Pre-Organization Contract is not referenced in the motion but is raised in an affidavit
attached to the motion. The trial court denied the motion for new trial.
            The Flores Brothers then filed the underlying lawsuit against Matthews & Branscomb and
Robichaux. The Flores Brothers alleged that Matthews & Branscomb and Robichaux intentionally
defrauded them and intentionally breached their fiduciary duties to them which caused the judgment
in favor of Gutschow and the Company to be entered against them. Specifically, the Flores Brothers
complain that Matthews & Branscomb and Robichaux failed to disclose the regulations which
presented a defense to the claims asserted by Gutschow and the Company. 
            Matthews & Branscomb and Robichaux moved for a no evidence summary judgment on the
grounds that there was no evidence that they breached a fiduciary duty or that any fraudulent act or
omission or breach of fiduciary duty by them caused any damage or injury to the Flores Brothers. 
Matthews & Branscomb and Robichaux also filed a traditional motion for summary judgment
asserting that any failure to assert a defense based on the regulations was not the cause of the
judgment being entered against the Flores Brothers because the judgment was caused by: (1) the
Flores Brothers’ pleadings being stricken as a sanction; and (2) the finding that they engaged in fraud
to which the contract provision was no defense. The trial court granted the summary judgment
without specifying the basis for its ruling.
Special Exceptions
            The trial court has broad discretion in granting special exceptions, and an appellate court will
not disturb that ruling absent an abuse of discretion. Hefley v. Sentry Ins. Co., 131 S.W.3d 63, 65
(Tex. App.—San Antonio 2003, pet. denied). The purpose of special exceptions is to force
clarification and specification in the pleadings, when they are not clear or sufficiently specific. Id.
            The Flores Brothers contend that the trial court erred in denying their special exceptions
because the traditional motion for summary judgment failed to explain how the summary judgment
evidence attached to the motion proved the absence of causation. We disagree. The summary
judgment challenged causation by stating that the cause of the judgment was the result of the Flores
Brothers’ own actions. The motion references the sanctions order and the trial court’s fraud finding
as support. Accordingly, the trial court did not abuse its discretion in denying the special exceptions
because the motion was sufficiently clear and specific.
Summary Judgment
            We review the trial court’s judgment applying the well-established standards for reviewing
traditional and no evidence summary judgments. See Tex. Commerce Bank, N.A. v. Grizzle, 96
S.W.3d 240, 252 (Tex. 2002); La Tier v. Compaq Computer Corp., 123 S.W.3d 557, 562 (Tex.
App.—San Antonio 2003, no pet.). The Flores Brothers sought to defeat both motions for summary
judgment by introducing evidence of the provision in the Company’s regulations stating that the Pre-Organization Contract was superseded. In this case, however, the trial court expressly found that the
Flores Brothers had “committed fraud in the inducement.” A party is not bound by a contract
procured by fraud. See Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.,
960 S.W.2d 41, 46 (Tex. 1998); Team Promotions, Inc. v. Scotland Golf, Inc., No. 04-03-00618-CV,
2004 WL 1967699, at *2 (Tex. App.—San Antonio Sept. 8, 2004, no pet.). Fraud in the inducement
is fatal to a contract and is a defense against the enforcement of such contract. Team Promotions, Inc.
2004 WL 1967699, at *2; Anderson, Greenwood & Co. v. Martin, 44 S.W.3d 200, 209 (Tex.
App.—Houston [14th Dist.] 2001, pet. denied). Assuming that the failure to disclose the regulations
constituted a fraudulent omission or breach of fiduciary duty, the failure did not cause the damage
resulting to the Flores Brothers as a matter of law. Because the trial court found fraud in the
inducement, the Flores Brothers would have been unable to enforce the provision in the regulations
superseding the Pre-Organization Contract. Accordingly, the regulations could not have been a
defense to liability based on the terms of the Pre-Organization Contract or on the basis of fraud, and
the trial court properly granted summary judgment with regard to the causation element of the Flores
Brothers’ claims.
Conclusion
            The trial court’s judgment is affirmed.

 
Alma L. López, Chief Justice