

# IN THE
# TENTH COURT OF APPEALS

No. 10-17-00273-CV

**ACE PROPERTY & CASUALTY INSURANCE CO.,**

**Appellant**

**v.**

**HOMER LADD,**

**Appellee**

**From the 414th District Court**
**McLennan County, Texas**
**Trial Court No. 2014-2948-5**

## MEMORANDUM OPINION

Ace Property and Casualty Company ("Ace") appeals from a judgment that overturned a decision of the appeals panel of the Texas Department of Insurance, Division of Workers' Compensation ("DWC") and granted judgment in favor of Homer Ladd ("Ladd"). Ladd filed a cross-appeal, challenging the part of the trial court's judgment granting pleas to the jurisdiction of Ace, the DWC, and the Commissioner of the Division, who had been sued in his official capacity. In Ace's appeal, Ace complains

that the trial court erred by granting Ladd's traditional motion for summary judgment; that the trial court erred by denying Ace's no-evidence motion for summary judgment; and that the trial court erred in its award of post-judgment interest in addition to interest established in the Labor Code. In his cross-appeal, Ladd complains that the trial court erred by granting the pleas to the jurisdiction filed by Ace, the DWC, and the Commissioner of the Division. We reverse the trial court's judgment granting Ladd's traditional motion for summary judgment, affirm the trial court's denial of Ace's no-evidence motion for summary judgment, affirm the trial court's granting of the pleas to the jurisdiction of Ace, the DWC, and the Commissioner, and remand this proceeding to the trial court for further proceedings.

## BACKGROUND FACTS

Ladd was originally injured with what was described as a "lumbar strain" on February 6, 2000. He underwent an operation called a laminectomy in 2000, which had been preauthorized by Ace, and Ace paid the expenses of that surgery. Ace was the workers' compensation insurance carrier for Ladd's employer. Ladd was found to have reached maximum medical improvement ("MMI") in October of 2001, and an impairment rating of 20% was set. Ace paid benefits to Ladd for the maximum allowable time at that rate. In 2010, Ladd sought payment for treatment for "post-laminectomy syndrome of the lumbar region," which was denied. At some point after that, a review began as to whether Ladd's injury in 2000 was a producing cause of his post-laminectomy syndrome

of the lumbar region, myalgia, and myositis, and this administrative proceeding commenced. In 2013, a determination was made by a hearing officer of the DWC after a contested case hearing that Ladd's post-laminectomy syndrome of the lumbar region, myalgia, and myositis were not caused or aggravated by Ladd's prior compensable injury of February 6, 2000. This was the sole issue presented to and considered by the hearing officer in the contested case hearing. Ladd appealed this issue to the DWC's appeals panel, who affirmed the hearing officer's decision by operation of law.

Ladd then filed suit in the district court challenging the adverse decision and adding claims seeking declaratory relief against Ace, the DWC, and the Commissioner of the Division. The DWC, the Commissioner, and Ace filed pleas to the jurisdiction, with the DWC and the Commissioner jointly asserting sovereign immunity and Ace asserting that Ladd's request for declaratory relief was beyond the trial court's jurisdiction because it sought consideration of issues not previously adjudicated by the DWC. The trial court granted the pleas to the jurisdiction filed by Ace and the DWC and the Commissioner and dismissed the declaratory judgment claims in their entirety and dismissed all claims against the DWC and the Commissioner with prejudice.

Ace then filed a no-evidence motion for summary judgment, and Ladd filed a traditional motion for summary judgment, alleging that Ace's complaint was made untimely and had been waived. The trial court then granted summary judgment in favor of Ladd on Ladd's motion for summary judgment and denied Ace's no-evidence motion

for summary judgment. The trial court entered a second order granting Ace's plea to the jurisdiction. The trial court entered a final judgment in favor of Ladd, found error in the opinion of the appeals panel and the hearing officer that Ladd's post-laminectomy syndrome of the lumbar region, myalgia, and myositis were not caused by Ladd's compensable injury in 2000, and awarded judgment in favor of Ladd with post-judgment interest on any recovery. Ace and Ladd have appealed the judgment of the trial court. Because the trial court granted the pleas to the jurisdiction prior to the motions for summary judgment, we will address Ladd's cross-appeal first.

## LADD'S CROSS-APPEAL

Ladd filed a cross-appeal against Ace, the DWC, and the Commissioner complaining that the trial court erred by granting their pleas to the jurisdiction. In his petition to the trial court, Ladd sought the following declarations pursuant to the Uniform Declaratory Judgment Act ("UDJA"):

1.  That spinal surgeries paid for by workers' compensation insurance carriers, just like any preauthorized surgical treatments: (1) become part of the compensable injury and (2) for which surgeries the insurance carriers are liable for all medically necessary care and subsequently related necessary medical care for an injured worker's lifetime;

2.  that if no dispute exists as to maximum medical improvement or the impairment rating of an injured worker at the end of the 1st quarter of supplemental income benefits, then the date of maximum medical improvement and impairment rating are final and binding on the insurance carrier under the Texas Workers' Compensation Act and DWC Rules. This requested declaration includes that the compensable injury includes all the injuries, diagnoses and conditions included in determining the date of maximum medical improvement and the impairment rating which were

not timely disputed;

3. that maximum medical improvement and impairment ratings under the Texas Workers' Compensation Act must take into consideration insurance carrier liable surgeries, including spinal surgeries, and the effects of the surgeries when the surgeries occur prior to maximum medical improvement being reached; and

4. that surgically treated injuries including the spine are part of the compensable injuries along with all other injuries not timely disputed for which injuries workers are entitled to all reasonably required lifetime medical care. This [sic] compensable injuries include all provided medical treatment, including surgeries, and the results and effects of such treatment.

The DWC and the Commissioner were included with Ace as defendants and as parties against whom Ladd was seeking the declaratory judgment in Ladd's petition. Ace, the DWC, and the Commissioner filed pleas to the jurisdiction. Ace's plea to the jurisdiction alleged that the trial court did not have subject matter jurisdiction over the declaratory claims sought by Ladd because they had not been presented to the appeals panel prior to filing this action in the district court. The DWC and the commissioner's plea alleged that sovereign immunity had not been waived as to them regarding any of Ladd's claims, and therefore the DWC and the Commissioner were immune from Ladd's suit. The trial court granted each of the pleas to the jurisdiction.

## ACE'S PLEA TO THE JURISDICTION

In Ace's plea to the jurisdiction, Ace argued that the trial court did not have jurisdiction over the UDJA claims asserted by Ladd because those issues had not been raised before the appeals panel or during the contested case hearing at the administrative

level, which was required prior to filing those claims in the trial court. Section 410.302 of the Texas Labor Code limits the issues that can be raised on judicial review at trial to those issues decided by the appeals panel, stating in relevant part:

> "A trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved."

TEX. LAB. CODE ANN. § 410.302(b). The sole issue before the appeals panel had been: "Does the compensable injury of February 6, 2000 extend to and include injuries of post-laminectomy syndrome of the lumbar region, myalgia, and myositis?"

Whether a trial court has subject-matter jurisdiction is a matter of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT—Davy*, 74 S.W.3d 849, 855 (Tex. 2002). "When an agency has exclusive jurisdiction and the plaintiff has not exhausted administrative remedies, the trial court lacks subject-matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction." *In re Accident Fund Gen. Ins. Co.*, 543 S.W.3d 750, 752 (Tex. 2017) (orig. proceeding) (*citing In re Entergy Corp.*, 142 S.W.3d 316, 321-22 (Tex. 2004) (orig. proceeding)).

"The [Texas] Workers' Compensation Act 'provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled, or settled a worker's claim for benefits.'" *Id*. at 752-53 (*citing In re Crawford & Co.*, 458 S.W.3d 920, 923-29 (Tex. 2015) (concluding "that a host of tort,

contract, and statutory claims could not go forward against the carrier in the trial court" absent exhaustion of administrative remedies)); *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 443-45, 450-51 (Tex. 2012) (concluding that the failure to exhaust administrative remedies "preclude[d] certain Insurance Code and common-law bad-faith claims against the compensation carrier").

In performing the review regarding the exhaustion of Ladd's administrative remedies, as an appellate court, we do not look to the merits of the case but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *See Miranda*, 133 S.W.3d at 227; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Where, as here, "a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Transformative Learning Sys. v. Tex. Educ. Agency*, 572 S.W.3d 281, 286 (Tex. App.—Austin 2018, no pet.) (*quoting Miranda*, 133 S.W.3d at 227). "[I]n a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Id.* (*quoting Miranda*, 133 S.W.3d at 227). The party asserting the plea must overcome a burden similar to a movant's burden on a traditional summary judgment motion. *City of Killeen v. Cheney*, No. 03-18-00139-CV, 2018 Tex. App. LEXIS 9146, 2018 WL 5832088, at *3 (Tex. App.—Austin Nov. 8, 2018, no pet.). "If the evidence creates a fact question regarding

the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction." *Transformative Learning Sys.*, 572 S.W.3d at 286 (*quoting Miranda*, 133 S.W.3d at 227-28). Even so, when the jurisdictional facts are undisputed, the trial court rules on the plea to the jurisdiction as a matter of law, and on appeal, the trial court's ruling is reviewed de novo. *McMillan v. Aycock*, No. 03-18-00278-CV, 2019 Tex. App. LEXIS 2624, 2019 WL 1461427, at *2 (Tex. App.—Austin Apr. 3, 2019, no pet.).

The appeals panel considered only a single issue in its determination, that being whether Ladd's compensable injury from 2000 included and extended to his post-laminectomy syndrome of the lumbar region, myalgia, and myositis. The declarations now sought by Ladd go much further than this single issue and are substantially broader in scope, even arguably beyond Ladd's particular case. Viewing the pleadings and the evidence presented to the trial court on this issue, we find that the trial court did not err in granting the plea to the jurisdiction filed by Ace because Ladd did not exhaust his administrative remedies relating to the declaratory judgment prior to filing this proceeding in the district court. We overrule issue one in Ladd's counter-appeal as to Ace.

**THE DWC AND THE COMMISSIONER'S PLEA TO THE JURISDICTION**

We also review the question of sovereign immunity de novo. *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). The Texas Supreme Court's decisions in *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) and *Tex. Dep't of Transp.*

*v. Sefzik*, 355 S.W.3d 618 (Tex. 2011) (per curium) set forth the modern standard for sovereign immunity in UDJA actions. State agencies "are immune from suits under the Uniform Declaratory Judgment Act unless the Legislature has waived immunity for the particular claims at issue." *Sefzik*, 355 S.W.3d at 620. The *Heinrich/Sefzik* doctrine provides just two strictly-limited exceptions to sovereign immunity: (1) a suit against an agency to challenge the validity or constitutionality of a statute or (2) a suit alleging ultra vires acts against the actual bad actor. *Heinrich*, 284 S.W.3d at 369-70; *Sefzik*, 355 S.W.3d at 620. Ladd's pleadings do not seek a finding of unconstitutionality of any rule or statute. Therefore, this exception does not apply.

Second, to whatever degree Ladd's pleadings could be construed to contain a claim for ultra vires acts, Ladd has not met the standard for such a claim. "[T]he proper defendant in an ultra vires action is the state official whose acts or omissions allegedly trampled on the plaintiff's rights." Sefzik, 355 S.W.3d at 620 (*citing Heinrich*, 284 S.W.3d at 372-73.). "To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372. Ladd has not shown a "trampling" or failure to perform a ministerial act by the DWC or by the Commissioner.

Therefore, we find that neither of the exceptions to sovereign immunity apply and the trial court did not err by granting the DWC and the Commissioner's plea to the

jurisdiction. We overrule Ladd's sole issue as to the DWC and the Commissioner.

**ACE'S APPEAL**

In its first issue, Ace complains that the trial court erred by granting Ladd's traditional motion for summary judgment because it was granted on the same issue on which the trial court granted Ace's plea to the jurisdiction, that being the failure to exhaust Ladd's administrative remedies prior to filing this proceeding in the district court. In its second issue, Ace complains that the trial court erred by denying its motion for no-evidence summary judgment because Ladd presented no evidence that the injury was a producing cause of his post-laminectomy syndrome of the lumbar region, myalgia, and myositis. In its third issue, Ace complains that the trial court erroneously added post-judgment interest to the judgment.

**SUMMARY JUDGMENT**

STANDARD OF REVIEW

The granting of a motion for summary judgment is reviewed de novo and if, as here, the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When both parties move for a summary judgment and the trial court grants one motion and denies the other, we review all summary judgment evidence, determine all issues presented, and render the judgment the trial court should have rendered. *Id.*

To prevail on a traditional motion for summary judgment, the moving party must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). When the movant who files the motion bears the burden of proof, it must show that it is entitled to prevail on each element of its cause of action. *Pelco Constr. Co. v. Chambers Cnty.*, 495 S.W.3d 514, 520 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). In reviewing a traditional summary judgment motion, we must take as true all evidence favorable to the non-movant and draw every reasonable inference and resolve all doubts in favor of the non-movant. *Zurita v. Lombana*, 322 S.W.3d 463, 472 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Under Rule 166a(i) of the Rules of Civil Procedure, a no-evidence summary judgment motion requires the non-moving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). In our review of a no-evidence summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the judgment was rendered, crediting evidence favorable to the non-moving party if a reasonable juror could and disregarding contrary evidence unless a reasonable juror could not. *Id*.

LADD'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

In the trial court, as the party appealing the decision of the appeals panel, Ladd

had the burden of proof to establish that the finding by the appeals panel was erroneous and that his compensable injury in 2000 should be extended to include the years' subsequent post-laminectomy syndrome of the lumbar region, myalgia, and myositis. TEX. LAB. CODE § 410.303. As such, he also had the burden in his traditional motion for summary judgment to establish that the finding of the appeals panel was erroneous as a matter of law. Ladd's motion for summary judgment alleged that Ace had waived any complaint regarding post-laminectomy syndrome of the lumbar region, myalgia, and myositis because it had paid the initial claim for the surgery, and therefore, Ace was liable for any resulting injuries from the surgery. Ladd further argued that Ace had waited too long to contest that the post-laminectomy syndrome of the lumbar region, myalgia, and myositis were caused by the injury. In support of this contention, Ladd attached excerpts of various medical providers from before and after the surgery, including the report made by a physician when Ladd reached MMI in October of 2001, excerpts of a deposition of Ace's medical expert in this proceeding, excerpts from the contested case hearing, and the opinion containing the findings of the hearing officer.

Ace argues that, just like his claims for declaratory relief, Ladd failed to raise his waiver claims before the hearing officer, and therefore, cannot raise them for the first time in the district court. Ladd did not address whether or not these claims were made before the hearing officer in his briefing to this Court.

As stated above, Section 410.302(b) of the Labor Code provides that judicial review

of an appeals panel decision is limited to issues decided by the appeals panel. TEX. LAB. CODE § 410.302(b). Because of this, issues such as Ladd's complaints that were not raised before an appeals panel may not be reviewed at trial in district court. *See Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63, 65 (Tex. App.—San Antonio 2003, pet. denied). In order to prevail on his motion for summary judgment, Ladd was required to establish as a matter of law that he presented his issues during the administrative proceeding to the hearing officer. In his summary judgment evidence attached to his motion, Ladd did not include the entire transcript of the contested case hearing upon which the decision was based. The portion of the record Ladd did include, especially the opinion and decision of the hearing officer, does not reflect that Ladd's waiver contentions he makes to this Court were part of the sole issue considered by the hearing officer and the appeals panel. We find that the trial court erred by granting Ladd's traditional motion for summary judgment based on defenses not presented during the administrative proceeding because it was not proper for the trial court to consider them. We find that Ladd did not establish as a matter of law that he was entitled to summary judgment on the grounds he alleged and the trial court erred by granting Ladd's traditional motion for summary judgment. We sustain Ace's first issue.

**ACE'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT**

In its second issue, Ace complains that the trial court erred by denying its no-evidence motion for summary judgment because Ladd presented no evidence that the

2000 injury was a producing cause of his post-laminectomy syndrome of the lumbar region, myalgia, and myositis. To defeat the no-evidence motion for summary judgment, Ladd was not required to marshal his proof; his response only needed to point out evidence that raises a fact issue on the challenged element, causation. TEX. R. CIV. P. 166a(i) cmt.; *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). The trial court's decision on a no-evidence motion for summary judgment is based on written pleadings and written evidence. *See* TEX. R. CIV. P. 166a(c).

Ladd incorporated his evidence attached to his motion for summary judgment in his response to Ace's motion for summary judgment, which included evidence that Ladd had been seen by various providers over the years, specifically in 2006 and 2010, for treatment for pain in his back and lower legs which he attributed to his work injury in February of 2000 and the laminectomy that was conducted thereafter. Records were included indicating that the laminectomy was performed due to Ladd's work injury. The deposition taken of Ace's expert in anticipation of trial included statements that any post-laminectomy syndrome would only be caused by the laminectomy.

We find that, when viewed in the light most favorable to Ladd, the evidence presented by Ladd was sufficient to raise a fact issue on the issue of causation. Whether it is otherwise sufficient is not a question for us to answer at this juncture. Therefore, we find that the trial court did not err by denying Ace's motion for no-evidence summary judgment. We overrule Ace's second issue.

**POST-JUDGMENT INTEREST**

In its third issue, Ace complains that the trial court erred by awarding post-judgment interest. However, because we have sustained Ace's first issue and are reversing the judgment for a trial as to the judicial review, the award of post-judgment interest is also set aside and to be considered in the further proceedings and we do not need to address this issue further at this stage of the proceedings.

**CONCLUSION**

We have found that the trial court did not err by granting the pleas to the jurisdiction of the DWC, the Commissioner, and Ace; therefore, that part of the trial court's judgment is affirmed. We have further found that the trial court did not err by denying Ace's no-evidence motion for summary judgment. Additionally, we have found that the trial court erred by granting Ladd's traditional motion for summary judgment. Accordingly, the trial court's judgment as to the judicial review of the appeals panel's decision and all related issues, including the award of post-judgment interest, is reversed and remanded for a trial.

JEFF ROSE[1]
Former Chief Justice

---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

Before Justice Johnson,
   Justice Smith, and
   Justice Rose
Affirmed in part; Reversed and remanded in part
Opinion delivered and filed November 22, 2022
[CV06]

