**Josie KRUEGER, Appellant,**

v.

**ATASCOSA COUNTY, a Self–Insured Governmental Entity, Appellee.**

**No. 04–04–00242–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 15, 2004.

---

Alan D. Tysinger, Miller & Tysinger, P.C., San Antonio, for appellant.

Deborah H. Loomis, Michael Shaunessy, Shaunessy, Burnett & Greenberg, P.C., Austin, for appellee.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Josie Krueger appeals the trial court's summary judgment granted in favor of her employer, Atascosa County, denying her claim for worker's compensation benefits. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts and relevant dates are not disputed by the parties. Appellant Josie Krueger was employed as a dispatcher with the Atascosa County Sheriff's department for nine years. On October 12, 1999, she dispatched several deputies and a state trooper to investigate a domestic violence report. The sheriff's deputies and state trooper were ambushed and three were killed at the scene. Krueger heard part of the violence over an open cell phone line. She remained at her post and dealt with the situation from approximately 8:00 p.m. until her shift ended at 8:00 a.m. Krueger knew the officers who were killed and their families. After the incident, she suffered severe anxiety and depression, with difficulty sleeping and nightmares. She was diagnosed with post-traumatic stress disorder by a licensed professional counselor and a psychiatrist; however, she did not miss any days of work due to her psychological condition. Krueger resigned from the sheriff's department on March 31, 2001.

On March 28, 2001, Krueger filed a claim for worker's compensation benefits and Atascosa County filed an employer's report of injury.[1] Nine days later, on April 6, 2001, the Fund filed a notice of refused/disputed claim.[2] Krueger then filed her claim with the Texas Workers' Compensation Commission ("TWCC") on June 19, 2001. A contested case hearing was held on November 27, 2001, before a TWCC hearing officer. The Fund argued Krueger failed to timely notify her employer of her injury, failed to file her claim within one year and did not suffer a compensable injury or disability. Krueger asserted at the hearing that the Fund had waived its right to contest compensability of her injury because its notice of dispute

---

1. Appellee Atascosa County is a self-insured governmental entity that provides worker's compensation insurance to its employees through the Texas Association of Counties Workers' Compensation Self–Insurance Fund (the "Fund"). Atascosa County was represented by the Fund in the administrative proceedings and trial court, and continues to be represented by the Fund on appeal.

2. The record contains some evidence that Krueger was paid worker's compensation benefits from April 1, 2001, to March 16, 2002. The initiation of payments by an insurance carrier does not affect its right to continue to investigate or deny the compensability of an injury during the 60–day period after notification of the injury. TEX. LAB.CODE ANN. § 409.021(c) (Vernon Supp. 2004–05).

was filed outside the seven-day period prescribed by § 409.021(a) of the Texas Labor Code.[3] On December 12, 2001, the hearing officer rendered a decision finding Krueger had sustained a compensable mental trauma injury and had suffered a disability, and ordering the Fund to pay medical and income benefits. The hearing officer found that Krueger timely notified her employer of the injury[4] and timely filed her claim because the one-year period was tolled by her employer's delay in filing its report of injury until March 28, 2001. The hearing officer also found, however, that the Fund had not waived its right to contest compensability of the injury.

The Fund appealed the hearing officer's decision to the TWCC Appeals Panel, presenting the same issues with regard to compensability that it raised in the contested case hearing. Krueger, who was not represented by an attorney, did not file a response to the Fund's appeal or pursue her own appeal from the adverse ruling on *Downs* waiver. In a decision issued on March 4, 2002, the Appeals Panel affirmed the hearing officer's findings that Krueger had sustained a compensable mental trauma injury and had timely notified her employer of her injury. However, the Appeals Panel reversed the hearing officer's determination that Krueger's injury was compensable, finding that she failed to

timely file her claim within one year of the injury. The panel further found no evidence of good cause for her failure to timely file the claim. Having determined there was no compensable injury, the panel concluded there could be no disability, and reversed the award of benefits.

On April 15, 2002, Krueger filed a petition in district court seeking judicial review of the decision by the TWCC Appeals Panel.[5] Krueger asserted her *Downs* waiver argument in her original petition, contending that the Fund had waived its right to contest compensability of her injury by not filing its notice of dispute within seven days in violation of Sections 409.021 and 409.022 of the Texas Labor Code. TEX. LAB.CODE ANN. §§ 409.021–.022 (Vernon 1996). Cross motions for summary judgment were filed. Krueger moved for a partial summary judgment on the basis of her *Downs* waiver argument. The Fund's motion for summary judgment asserted the facts were undisputed that Krueger did not timely notify her employer of her injury, did not file her claim within one year of the injury, did not establish good cause to excuse the delay, and did not sustain an actual injury. The Fund also argued Krueger was barred from raising the *Downs* waiver issue in the trial court because she did not raise the

---

3. Krueger's waiver argument pre-dated the Texas Supreme Court's opinion in *Continental Casualty v. Downs*, but is based on the same principle that an insurance carrier's failure to begin paying benefits, or give written notice of refusal to pay, within the seven-day period prescribed by Section 409.021(a) of the Texas Labor Code results in a forfeiture of the carrier's right to contest compensability of the employee's injury. *See* TEX. LAB.CODE ANN. § 409.021(a) (Vernon 1996); *see also Cont'l Cas. Co. v. Downs*, 81 S.W.3d 803, 804 (Tex. 2002). The parties refer to Krueger's waiver argument as a *Downs* waiver issue, and we adopt that reference for purposes of consistency.

4. The hearing officer found Krueger timely notified her employer of her injury based on evidence that she informed a supervisor on October 25, 1999, that she was "having problems due to the October 12, 1999, incident."

5. The parties agreed that the trial court would decide the case based on the administrative record from the TWCC. The record contains an incomplete transcript of the TWCC case hearing due to a defective audio tape. Accordingly, we review the trial court's judgment based on the record that is before us.

issue before the TWCC Appeals Panel. In a judgment signed January 13, 2004, the trial court granted the Fund's motion for summary judgment, denied Krueger's motion for summary judgment, and denied her claim for benefits.

### ANALYSIS

On appeal, Krueger raises two issues: (1) whether her *Downs* issue of whether the Fund waived its right to contest compensability of her claim was barred on judicial review; and (2) whether summary judgment was improper because there is a genuine issue of material fact on the element of disability. Krueger asserts she was not barred from raising the *Downs* waiver issue on judicial review because it was presented during the TWCC administrative process, and the issue of waiver was inter-related with the issue of compensability. The Fund responds that because Krueger did not present the issue of *Downs* waiver to the TWCC Appeals Panel, she did not preserve her right to assert the waiver issue in the trial court. It argues this case is controlled by our prior decision in *Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63 (Tex.App.-San Antonio 2003, pet. filed). The Fund also asserts the summary judgment must be affirmed because there is no disputed fact issue that Krueger did not timely notify her employer of her injury, did not timely file her claim within one year, and did not suffer a compensable injury or disability; alternatively, the Fund argues that Krueger did

not sustain an actual injury. We will address each of Krueger's two issues.

### PRESERVATION OF WAIVER ISSUE FOR JUDICIAL REVIEW

■ The first issue presented by Krueger is whether she was barred from raising her *Downs* waiver issue on judicial review because she did not present the issue to the TWCC Appeals Panel.[6] The broader issue is whether a workers' compensation claimant who obtains a favorable result at the TWCC case hearing, *i.e.*, an award of benefits, but against whom an adverse ruling is made, must present that adverse ruling to the TWCC Appeals Panel in order to preserve the right to raise the issue on judicial review.

The Fund argues that the plain language of § 410.302 of the Texas Labor Code and our prior opinion in *Hefley* require us to hold Krueger waived the *Downs* issue by failing to raise it before the TWCC Appeals Panel. Krueger contends *Hefley* is distinguishable because she exhausted her administrative remedies by raising the waiver issue at the TWCC contested case hearing, and did not raise it for the first time on judicial review. Krueger further asserts it is not logical or fair to require a *pro se* claimant to appeal from a favorable decision merely to preserve an issue for potential later review.

■ The language of section 410.302 is plain and unambiguous:

A trial under this subchapter is limited to issues decided by the commission ap-

---

6. The judgment does not specify whether Krueger's summary judgment motion was denied because the court found she was barred from raising the *Downs* waiver issue, or because there was a disputed fact question on the *Downs* waiver issue. As noted, the record contains some evidence that the Fund began paying Krueger benefits within the seven-day period prescribed by § 409.021(a); therefore, the court could have found there was a genu-

ine issue of material fact on the waiver issue which precluded granting Krueger's summary judgment motion. However, the Fund did not argue there was a contested fact issue on waiver in its response to her summary judgment motion, and that argument is not preserved or presented on appeal. *See* TEX.R. CIV. P. 166a(c); *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986).

peals panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved. TEX. LAB.CODE ANN. § 410.302 (Vernon 1996). Statutory construction issues are legal questions reviewed *de novo*. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). When the statutory language is unambiguous, the reviewing court adopts the interpretation supported by the plain and common meaning of the statute's words. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000). The language of § 410.302 must be given its plain meaning, which is that judicial review is limited to issues "decided by" the TWCC Appeals Panel.

■ The cases interpreting § 410.302 hold that a party may not raise an issue in the trial court which was not raised before the TWCC Appeals Panel. In *Hefley*, this court held the trial court did not err in striking a claimant's allegation of *Downs* waiver where it was undisputed that the TWCC Appeals Panel did not decide the issue. *Hefley*, 131 S.W.3d at 65 (holding Hefley's failure to exercise his right to raise the waiver issue before the Appeals Panel precluded him from raising it for the first time in the trial court); *see also, e.g., St. Paul Ins. Co. v. Mefford*, 994 S.W.2d 715, 719–20 (Tex.App.-Dallas 1999, pet. denied) (holding carrier's failure to raise its right to re-open compensability issue before Appeals Panel precluded trial court from considering issue on judicial review). The statute applies equally to claimants and insurance carriers, and restricts judicial review to issues raised before the TWCC Appeals Panel regardless of which party initiates the appeal. In *TIG Premier Ins. Co. v. Pemberton*, the court held the workers' compensation claimant forfeited his right to challenge the case hear-

ing officer's finding of no causal relationship because he did not raise the issue with the Appeals Panel, even though the insurance carrier was the party who appealed. *TIG Premier Ins. Co. v. Pemberton*, 127 S.W.3d 270, 276 (Tex.App.-Waco 2003, pet. denied) (finding claimant failed to exhaust administrative remedies). Similarly, in *Trinity Universal Ins. Co. v. Berryhill*, the court held a claimant could not raise a *Downs* waiver argument for the first time in the trial court because the issue had not been presented to the TWCC Appeals Panel considering the carrier's appeal of the benefits award. *Trinity Universal Ins. Co. v. Berryhill*, No. 14–03–00629–CV, 2004 WL 744417, at *3 (Tex. App.-Houston [14th Dist.] Apr. 8, 2004, no pet.).

We empathize with the position of an unrepresented claimant who receives an award of benefits, along with an adverse ruling on a related issue, and must determine how to protect that award on appeal. The statute is clear, however, that the issue on which either party seeks judicial review must have been "decided by" the TWCC Appeals Panel. *See* TEX. LAB.CODE ANN. § 410.302. Here, the Appeals Panel's own decision clearly states that it did not consider the *Downs* waiver issue. The panel's decision expressly states, "the determination that [the] carrier did not waive the right to contest compensability has not been appealed." The panel's decision further notes that Krueger did not file a response to the appeal. *See* TEX. LAB.CODE ANN. § 410.202(b) (Vernon Supp. 2004–05) ("[t]he respondent shall file a written response with the appeals panel ...."). Therefore, even though Krueger did raise the *Downs* waiver issue during the TWCC administrative process, because she did not present the issue to the TWCC Appeals Panel, either through a direct appeal or a response to the Fund's appeal, she is

precluded from raising the issue in the trial court.[7]

◼ Finally, we agree with the Houston Court of Appeals, Fourteenth District, that we may not read a "good cause" exception into § 410.302 that would permit expansion of the scope of judicial review and allow consideration of an issue that was not decided by the TWCC Appeals Panel. *See Berryhill*, 2004 WL 744417 at * 3; *see also ESIS, Inc., Servicing Contractor v. Johnson*, 908 S.W.2d 554, 562 (Tex.App.-Fort Worth 1995, writ denied) (interpreting § 410.302 and holding "[t]here is no provision in the Act authorizing the trial court to enlarge this scope of review by considering issues, or evidence probative of issues, that were not determined by the commission appeals panel"). Accordingly, Krueger's first issue is overruled.

### SUMMARY JUDGMENT

The second issue presented by Krueger is whether the trial court erred in granting the Fund's summary judgment motion because there was a genuine issue of material fact on the element of disability. For the reasons set forth below, we disagree.

In the trial court, Krueger moved for partial summary judgment on compensability of her injury, asserting that under *Downs* the Fund had waived its right to contest compensability of her injury by failing to timely file its notice of refusal; her motion was denied. The Fund also moved for summary judgment on the compensability of Krueger's injury, arguing the facts were undisputed that Krueger did not timely notify her employer of the injury, did not file her claim within one year of the injury and did not establish good cause to excuse the delay; the Fund alternatively argued that Krueger did not sustain an actual injury. The Fund's motion was granted, but the court did not specify the ground upon which summary judgment was granted. On appeal, Krueger only challenges the summary judgment as improper on one ground—because there was a fact issue on the element of disability. She does not address the other grounds upon which summary judgment could have been granted.

◼ We review a trial court's summary judgment ruling *de novo*. *Estate of Arlitt v. Paterson*, 995 S.W.2d 713, 717 (Tex. App.-San Antonio 1999, pet. denied). District court summary judgment orders in worker's compensation cases are reviewed under traditional summary judgment standards. *Texas Workers' Comp. Ins. Fund v. Simon*, 980 S.W.2d 730, 733 (Tex.App.-San Antonio 1998, no pet.). The movant for a traditional summary judgment must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on a ground expressly set forth in the motion. TEX.R. CIV. P. 166a(c); *see Simon*, 980 S.W.2d at 733 (citing *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985)). When reviewing a summary judgment, we take all evidence favorable to the non-movant as true. *Nixon*, 690 S.W.2d at 548–49. If the movant establishes its right to summary judgment as a matter of law, the burden then shifts to the non-movant

---

7. The Fund raises a related argument that the hearing officer's finding of no *Downs* waiver became final when it was not appealed to the TWCC Appeals Panel, and is therefore res judicata under § 410.169 of the Texas Labor Code. *See* TEX. LAB.CODE ANN. § 410.169 (Vernon 1996) ("[a] decision of a hearing officer regarding benefits is final in the absence of a timely appeal . . ."). Krueger asserts the finding of no waiver was not a decision "regarding benefits." In view of our conclusion that Krueger forfeited her right to raise the *Downs* issue by failing to raise it before the Appeals Panel, we need not address the Fund's argument on this point.

to raise fact issues that would preclude summary judgment. *Simon,* 980 S.W.2d at 733 (citing *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979)).

■ In granting summary judgment, the trial court is limited to the specific grounds set forth in the motion. *City of Houston,* 589 S.W.2d at 677. If the judgment does not specify the ground relied upon for granting summary judgment, the judgment must be affirmed if any of the grounds in the motion have merit. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001). An appellant must attack every ground upon which summary judgment could have been granted to obtain a reversal. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). When the appellant does not expressly challenge every ground stated in the motion for summary judgment by specific points of error, or a broad issue, the summary judgment must be affirmed if there is an unchallenged ground upon which the trial court could have based the summary judgment. *Id.; see also Fetty v. Miller,* 905 S.W.2d 296, 299 (Tex.App.-San Antonio 1995, writ denied). Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground. *Reese v. Beaumont Bank, N.A.,* 790 S.W.2d 801, 804–05 (Tex. App.-Beaumont 1990, no writ).

■ Krueger only challenges the summary judgment on the basis that there is a fact question as to whether she had a disability. Within the Texas Worker's Compensation Act, the term "disability" is defined as "the inability because of a compensable injury to obtain and retain employment at wages equivalent to the preinjury wage." TEX. LAB.CODE ANN. § 401.011(16) (Vernon Supp. 2004–05).

Thus, a disability is dependent on the existence of a compensable injury. A "compensable injury" is "an injury that arises out of and in the course and scope of employment for which compensation is payable under this subtitle." TEX. LAB. CODE ANN. § 401.011(10) (Vernon Supp. 2004–05). A benefit is payable for a job-related injury only if a claim is timely filed within one year of the injury, unless good cause exists for a delay in filing the claim. *See* TEX. LAB.CODE ANN. §§ 409.003–.004 (Vernon 1996). Section 409.004 provides that the employer and its insurance carrier are relieved of liability under the act if the claim is not filed within one year, absent good cause. TEX. LAB.CODE ANN. § 409.004.

■ Here, it is undisputed that Krueger's injury occurred on October 12, 1999; thus, to be timely, her claim had to be filed no later than October 11, 2000. It is similarly undisputed that Krueger filed her claim on June 19, 2001, well after the one-year period expired. Therefore, Krueger's claim is time-barred and summary judgment was proper because she does not have a "compensable injury," unless she raised a fact issue as to whether she had good cause for the delay in filing her claim. *See* TEX. LAB.CODE ANN. § 409.004; *see Lee v. Houston Fire & Cas. Ins. Co.,* 530 S.W.2d 294, 295–96 (Tex. 1975). Krueger presented no evidence of "good cause" to excuse the delay in filing her claim; in fact, she admitted the delay was due to her ignorance of workers' compensation law. Ignorance of the requirements of Texas workers' compensation law does not constitute good cause for failing to timely file a claim. *Id.* at 297 (ignorance of time period for filing claim will not excuse delay); *see also Allstate Ins. Co. v. King,* 444 S.W.2d 602, 605 (Tex. 1969). In addition, good cause must continue until the date the claim was actually filed. *Lee,* 530 S.W.2d at 296. Krueger

admitted she became aware of the workers' compensation law two months before her claim was filed; therefore, even if ignorance of the law could be good cause, it would not have continued until the date her claim was filed.

Because the evidence is undisputed that Krueger did not file her claim within one year of the injury, and did not have good cause to excuse the delay, she did not have a compensable injury. Without a compensable injury, there can be no fact question as to disability. Krueger's second issue is overruled. Because we affirm the trial court's summary judgment on this basis, we do not address the remaining alternative grounds for summary judgment. *Villanueva v. Gonzalez*, 123 S.W.3d 461, 467 (Tex.App.-San Antonio 2003, no pet.).

Based on the foregoing reasons, we affirm the trial court's judgment.