*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00070-CV

**CONNECTICUT INDEMNITY COMPANY**,
Appellant

v.

Latietta J. **CAY**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-02239
Honorable Joe Frazier Brown, Jr., Judge Presiding

Opinion by:    Catherine Stone, Justice

Sitting:    Catherine Stone, Justice
            Phylis J. Speedlin, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:   November 26, 2008

AFFIRMED

Latietta Cay was injured on the job and had to undergo back surgery. Cay's employer, Normandy Terrace Nursing Home, had workers' compensation insurance with Connecticut Indemnity Company ("Connecticut Indemnity"), which contested the compensability of Cay's injury. Following an adverse decision by the Texas Workers' Compensation Commission Appeals Panel, Cay filed suit in district court for judicial review of the Appeals Panel's decision. The trial court ultimately granted Cay's motions for summary judgment, finding Connecticut Indemnity had waived

its right to contest the compensability of Cay's injury and that Cay had a disability resulting from the claimed injury. Connecticut Indemnity appeals the trial court's final judgment granted in favor of Cay. We affirm.

## BACKGROUND

Cay claimed she sustained an injury to her back when she was assisting a patient on February 1, 2000. Cay reported her injury to her supervisor, but he purportedly refused to allow her to complete an incident report. Cay's back injury worsened over the ensuing months, causing her to miss work and seek medical treatment. Normandy Terrace Nursing Home eventually terminated Cay for excessive absences on June 2, 2000.

On June 8, 2000, Cay was admitted to University Hospital to have back surgery. Cay underwent surgery on June 13, 2000 for the removal of two vertebrae and a spinal fusion. Cay's surgery revealed that she suffered from tuberculosis osteomyelitis of the spine.[1] On June 14, 2000, Cay filed a Notice of Injury or Occupational Disease and Claim for Compensation Form (Form TWCC-41) with the Texas Workers' Compensation Commission ("TWCC").[2] Although the TWCC sent Connecticut Indemnity a letter in response to Cay's notice of injury on June 19, 2000, Cay did not hear from anyone about her claim.[3]

---

[1] The record shows that Cay, along with several other employees of Normandy Terrace Nursing Home, tested positive for tuberculosis in April 2000.

[2] The TWCC is now known as the Texas Department of Insurance Division of Workers' Compensation. *See* TEX. LAB. CODE ANN. § 402.001(b) (Vernon 2006).

[3] About two months after the TWCC sent Connecticut Indemnity the letter, which is also known as an EE-41 letter, this court, on August 16, 2000, issued our opinion on rehearing in *Downs v. Continental Casualty Co.*, 32 S.W.3d 260 (Tex. App.—San Antonio 2000), *aff'd*, 81 S.W.3d 803 (Tex. 2002). In *Downs*, this court was asked to consider whether a workers' compensation carrier who did not either begin to pay benefits or notify the claimant of its refusal to pay benefits until forty-eight days after the date it received notice of injury waived its right to deny compensability. *Downs*, 32 S.W.3d at 261. We concluded that a "carrier waives its right to deny compensability if it fails to comply with section 409.021(a) of the Texas Labor Code by either agreeing to begin payment of benefits or giving notice of its refusal to pay within seven days after receiving written notice of an injury." *Id.* at 264. Following our decision, Continental

Cay contacted the TWCC on September 20, 2000 regarding the status of her claim. The TWCC responded by sending Connecticut Indemnity an EES-11 notice as well as an EES-45 notice on September 21, 2000, informing Connecticut Indemnity of Cay's claim and the new TWCC claim number assigned to the claim. In addition to the notices sent out by the TWCC, Cay sent Connecticut Indemnity a handwritten letter on September 25, 2000 notifying Connecticut Indemnity of the injury she sustained on February 1, 2000. Cay's letter was received by Connecticut Indemnity's designated representative on September 28, 2000.

Connecticut Indemnity filed a Payment of Compensation or Notice of Refused or Disputed Claim Form (Form TWCC-21) with the TWCC on October 6, 2000. Connecticut Indemnity claimed Cay had no right to workers' compensation benefits because Cay failed to timely report her injury. Connecticut Indemnity also claimed Cay had not suffered a compensable injury during February 2000.[4] Following a Benefit Review Conference on August 2, 2001, a Benefit Contested Case Hearing was held on September 25, 2001.

The TWCC hearing officer who heard Cay's case issued a decision and order on October 12, 2001, denying Cay workers' compensation benefits. In the decision and order issued by the TWCC hearing officer, the hearing officer acknowledged this court's *Downs* decision, but stated that "[t]he Commission has taken the position that it will not enforce the *Downs* decision until the Texas Supreme Court has rendered its decision." As a result of the TWCC's position with respect to our *Downs* decision, the hearing officer indicated that a "Carrier is obligated to file a dispute within 60

---

Casualty Company filed a petition for review with the Texas Supreme Court. The supreme court eventually affirmed our decision on June 6, 2002, holding "a carrier that fails to begin benefit payments as required by the [Texas Workers' Compensation] Act or send a notice of refusal to pay within seven days after it receives written notice of injury has not met the statutory requisite to later contest compensability." *Cont'l Cas. Co. v. Downs*, 81 S.W.3d 803, 804 (Tex. 2002).

[4] Connecticut Indemnity's TWCC-21 Form indicated the company first received notice of Cay's injury on October 5, 2000.

days of notification [of injury] or it has waived the right to dispute" the claim. Based on the evidence presented, the TWCC hearing officer determined that Connecticut Indemnity had not waived its right to dispute the compensability of Cay's injury. The TWCC hearing officer further stated in her decision and order that Cay had failed to timely notify her employer of her injury and did not sustain a compensable injury during February 2000. Cay appealed to the TWCC Appeals Panel, but the Appeals Panel affirmed the TWCC hearing officer's decision and order on January 4, 2002.

On February 13, 2002, Cay filed suit against Connecticut Indemnity in the 131st Judicial District Court of Bexar County, Texas. Cay moved for summary judgment on March 13, 2007, contending: (1) Connecticut Indemnity had waived its right to deny compensability under *Downs* because it did not dispute her injury within seven days of receiving written notice of her injury, *see Downs*, 81 S.W.3d at 804; (2) even if the trial court were to accept Connecticut Indemnity's contention that it had up until 60 days from the date it was notified of her injury to dispute her claim, Connecticut Indemnity nevertheless waived its right to contest her injury because Connecticut Indemnity's notice of refusal was filed more than 60 days after it had received notice of the injury; and (3) the summary judgment evidence conclusively demonstrates that she had a disability resulting from the claimed injury. Connecticut Indemnity responded to Cay's summary judgment motion, objecting to Cay's summary judgment evidence and complaining that Cay had failed to carry her summary judgment burden. Connecticut Indemnity further requested the trial court to "stay, abate, or continue [the] matter" until the Texas Supreme Court reexamined *Downs* in *Southwestern Bell Telephone Co. v. Mitchell*, No. 04-04-00466-CV, 2005 WL 154203 (Tex. App.—San Antonio Jan. 26 2005, pet. granted) (mem. op.).

Despite Connecticut Indemnity's request for the trial court to postpone the underlying proceedings until the supreme court resolves *Mitchell*, the trial court proceeded to consider the merits of Cay's summary judgment motion. The trial court granted summary judgment in favor of Cay on the issue of waiver, but denied her summary judgment on the issue of whether she had a disability resulting from the claimed injury. Cay subsequently filed a second motion for summary judgment, which, like her first motion, requested the court to her grant summary judgment on the issue of whether she had a disability resulting from the claimed injury. Cay's motion once again asserted that she was entitled to judgment in her favor because the summary judgment evidence conclusively establishes that she had a disability as a result of the compensable injury she sustained during February 2000. The trial court agreed with Cay, granting her summary judgment on the disability issue and ordering Connecticut Indemnity to pay her workers' compensation benefits. This appeal followed.

## DISCUSSION

On appeal, Connecticut Indemnity argues the trial court abused its discretion by not staying, abating, or continuing the underlying matter until the supreme court's resolution of *Mitchell*. Alternatively, Connecticut Indemnity contends the trial court erred in granting summary judgment in favor of Cay because: (1) *Continental Casualty Co. v. Downs*, 81 S.W.3d 803 (Tex. 2002), "incorrectly interprets Labor Code section 409.021"; (2) "the Legislature has already rejected the *Downs* decision for worker' compensation claims filed after September 1, 2003"; and (3) "the Texas Supreme Court is reexamining the *Downs* decision in the *Mitchell* case."

### A. The Trial Court's Failure to Stay, Abate, or Continue the Underlying Matter

Connecticut Indemnity argues the trial court's failure to postpone the underlying proceedings until the supreme court's resolution of *Mitchell* constitutes an abuse of discretion by the trial court. The trial court, however, was under no obligation to await the supreme court's decision in *Mitchell*. *Downs* presently represents the supreme court's position on the issues raised in the case at bar. "After a principle, rule or proposition of law has been squarely decided by the Supreme Court, or the highest court of the State having jurisdiction of the particular case, the decision is accepted as a binding precedent by the same court or other courts of lower rank when the very point is again presented in a subsequent suit between different parties." *Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964). The trial court chose to respect current supreme court precedent, *i.e.*, *Downs*, and to address the merits of Cay's summary judgment motions. By following the course of action that it did, we cannot say the trial court abused its discretion.

### B. The Trial Court's Granting of Summary Judgment in Favor of Cay

In order to obtain a reversal of the trial court's final judgment, Connecticut Indemnity had to attack every ground upon which summary judgment could have been granted. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Krueger v. Atascosa County*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.). When the appealing party does not challenge a ground on which the movant sought summary judgment in the trial court, settled summary judgment principles demand that we affirm the trial court's judgment. *Malooly*, 461 S.W.2d at 121; *Krueger*, 155 S.W.3d at 621.

Here, the record shows that Cay, through two separate summary judgment motions, moved for judgment in her favor on the grounds that: (1) Connecticut Indemnity had waived its right to deny compensability under *Downs* by not disputing her injury within seven days of receiving written

notice of the injury; (2) even if the trial court were to accept Connecticut Indemnity's contention that it had up until 60 days from the date it was notified of her injury to dispute her claim, Connecticut Indemnity nevertheless waived its right to contest her injury since its notice of refusal was filed more than 60 days after it had received notice of the injury; and (3) the summary judgment evidence conclusively demonstrates she had a disability resulting from the claimed injury. Rather than addressing each of the grounds for summary judgment raised by Cay in the lower court, Connecticut Indemnity contends on appeal that the trial court erred in granting Cay summary judgment because: (1) *Downs* "incorrectly interprets Labor Code section 409.021"; (2) "the Legislature has already rejected the *Downs* decision for worker' compensation claims filed after September 1, 2003"; and (3) the "supreme court is reexamining the *Downs* decision in the *Mitchell* case." We have no choice under the circumstances presented but to affirm the trial court's judgment. *See Krueger*, 155 S.W.3d at 621. Connecticut Indemnity was required to attack every ground upon which Cay sought summary judgment in the trial court to obtain a reversal, but failed to do so. As a result of Connecticut Indemnity's failure to challenge every ground upon which summary judgment could have been granted, we cannot disturb the trial court's judgment on appeal.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Justice