

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00397-CV

**IN THE ESTATE OF** Luisa R. **MONTEMAYOR**

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2010-PC-3012
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

### OPINION ON MOTION FOR REHEARING

Delivered and Filed:  June 1, 2016

AFFIRMED; MOTION FOR REHEARING GRANTED

Marcelo R. Montemayor appeals the trial court's summary judgment in favor of Grace Calentine. On November 9, 2015, the clerk of the trial court filed a notice stating Calentine requested a supplemental clerk's record to include exhibits to her motion for summary judgment that were omitted from the original clerk's record. The clerk explained Calentine did not file the requested exhibits in the trial court when she filed her motion for summary judgment. The clerk stated she made two attempts to contact counsel for appellee and certified that a copy of the notice was served on the parties. Although Calentine acknowledged she had filed a request for a supplemental record, she did not contest the clerk's explanation that the exhibits were not filed with the motion.

On March 9, 2016, we issued an opinion and judgment reversing the trial court's summary judgment because Calentine failed to demonstrate she was entitled to judgment as a matter of law. After we issued our opinion, the clerk of the trial court filed a supplemental clerk's record containing the exhibits Calentine stated were missing. The clerk filed a letter clarifying that Calentine had, in fact, filed the omitted exhibits when she filed her motion for summary judgment. Calentine filed a motion for rehearing in this court, arguing the record now shows she is entitled to judgment as a matter of law. Because we agree, we withdraw our opinion and judgment of March 9, 2016, and substitute this opinion and judgment in their stead.

## BACKGROUND

The trial court appointed Montemayor as independent executor of Luisa R. Montemayor's estate. Calentine filed an original petition alleging that on December 6, 2010, Montemayor executed a deed conveying to himself real property that Luisa's will devised to her children equally. Montemayor was removed as executor, and Calentine requested that the trial court declare the deed void and quiet title in the current executrix of the estate. Montemayor filed an answer, generally denying Calentine's allegations. In the second paragraph of his answer, Montemayor alleged, "For further answer, if such should be necessary and by way of affirmative defense, [Montemayor] states that the act of 'sell, manage, and dispose' was done under the power of the executor, and that he was duly appointed by the Court as the executor of said Estate."

Calentine filed a traditional motion for summary judgment on her quiet title claim, arguing she was entitled to judgment as a matter of law because Montemayor violated the terms of the will and breached his duty by selling the property to himself without the authorization or approval of other devisees. Calentine produced the executor's deed and two affidavits in support of her motion. The affidavits state Calentine and another daughter (both devisees) of Luisa did not authorize Montemayor to sell or convey the property. Calentine also filed a no-evidence motion for summary

judgment on Montemayor's affirmative defense of "sell, manage and dispose," arguing the allegation did not raise any cognizable affirmative defense in a suit to quiet title.

Montemayor filed a response and an affidavit in which he swore he was appointed independent executor, was issued letters testamentary on November 1, 2010, and had the power to "sell, manage, and dispose" of all of Luisa's estate. He also swore that pursuant to his authority, he executed a deed on December 6, 2010, and sold the property for $50,000. He further swore that as of December 6, 2010, he was willing and able to pay all heirs their share of the proceeds from the sale of the property.

The trial court granted Calentine's traditional and no-evidence motions for summary judgment. The judgment declares Montemayor's deed void and awards Calentine costs. Montemayor now appeals.

### STANDARDS OF REVIEW

To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). A plaintiff moving for summary judgment on its claim must conclusively prove all the elements of its cause of action as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). To determine whether the plaintiff, as the movant, met her burden, we examine the evidence presented in the motion and response. *Jacobs v. Huser Const., Inc.*, 429 S.W.3d 700, 702 (Tex. App.—San Antonio 2014, no pet.). Once the movant has established a right to summary judgment, the burden shifts to the respondent to present evidence that would raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). "When a party moves for a no-evidence summary judgment, the nonmovant must produce some evidence raising a genuine issue of material fact." *Romo v. Texas Dep't of Transp.*, 48 S.W.3d 265,

269 (Tex. App.—San Antonio 2001, no pet.) (citing TEX. R. CIV. P. 166a(i)). The nonmovant does not have the burden to marshal its evidence, but it must point out evidence that raises a fact issue on the challenged elements. *Id.* This court's de novo review is limited to the grounds raised in the written motion for summary judgment in the trial court. *See City of Houston*, 589 S.W.2d at 677.

We review a traditional and no evidence summary judgment using the same legal sufficiency standard we use in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). In reviewing the evidence, we take as true all evidence favorable to the nonmovant and "[w]e indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Rhone-Poulenc*, 997 S.W.2d at 223. We review the evidence in the light most favorable to the party against whom the summary judgment was rendered, "crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## CALENTINE'S QUIET TITLE CLAIM

Montemayor argues the trial court erred by granting Calentine's traditional motion for summary judgment on her quiet title claim because his affidavit raised a fact issue that when he sold and conveyed the property to himself, he had the authority to do so. A plaintiff in a suit to quiet title has the burden to prove, among other elements, that the defendant's claim to the property is invalid or unenforceable. *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied). A personal representative of an estate may not purchase "any estate property sold by the representative or any co-representative of the estate." TEX. EST. CODE ANN § 356.651 (West 2014). There is an exception for when the will authorizes such a sale. *Id.* § 356.652. Otherwise, a trial court may declare such a sale void. *Id.* § 356.655. It is undisputed that Montemayor was the independent executor of Luisa's estate when he deeded the property to himself. The will did not

authorize Montemayor to purchase the estate property. Therefore, Calentine established Montemayor's claim to the property was invalid or unenforceable. *See Rhone-Poulenc, Inc.*, 997 S.W.2d at 223. Because Calentine conclusively established her entitlement to judgment as a matter of law on her quiet title claim, the trial court did not err by granting her summary judgment and declaring the deed void.

CALENTINE'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

The trial court granted Calentine's no-evidence motion for summary judgment regarding Montemayor's affirmative defense of "sell, manage, and dispose." In the judgment, the trial court determined Montemayor had "not pled any counterclaim that will preclude summary judgment in this case. The Court finds that [Montemayor] has asserted an affirmative defense for selling, managing and disposing of property . . . however, the law does not recognize selling, managing, and disposing of property as an affirmative defense to [Calentine]'s claim." Because Montemayor does not provide any argument as to how the act of "sell, manage, and dispose" is an affirmative defense to a suit to quiet title, that part of the judgment must be affirmed. *See Krueger v. Atascosa County*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.) (holding we must affirm when an appellant fails to challenge the ground for the motion).

Montemayor asserts his pleadings gave "fair notice that he has a counter claim, in that the property was sold under the power and authority of Luisa's will and appointment thereof by the probate court." Montemayor's live pleading expressly alleges the act of selling, managing, and disposing of property as an affirmative defense. Furthermore, Montemayor does not cite any relevant authority to support his contention that the act of "sell, manage, and dispose" is a cognizable counter-claim. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

**CONCLUSION**

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice