

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00716-CV

John **MAGNESS**,
Appellant

v.

Sheppard **BAKER**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 32335
Honorable Robert Cadena, Judge Presiding

Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: April 10, 2019

AFFIRMED

John Magness appeals a summary judgment in favor of Sheppard Baker declaring all leases Magness purported to have on property owned by Baker to be void and unenforceable. Magness presents four issues on appeal contending the trial court erred by: (1) denying his motion to enforce a settlement agreement; (2) not allowing him to amend his pleadings; (3) not allowing him to redraft his affidavit; and (4) granting summary judgment. We affirm the trial court's judgment.

## BACKGROUND

On January 13, 2016, Magness filed a petition in district court seeking a declaratory judgment asserting Baker had breached a "verbal lease" allowing Magness to hunt and fish on Baker's property in Val Verde County. Baker filed an answer containing a general denial and asserting the affirmative defense of statute of frauds, contending any alleged verbal lease was unenforceable under the statute of frauds. Baker also filed a counter-claim against Magness asserting the parties entered into a 2010 limited written lease agreement for fishing and a 2011 limited written lease agreement for hunting, and Magness breached both leases. Baker requested a declaratory judgment that Magness breached the written lease agreements. Baker also noted in his answer that he had filed a separate suit for forcible detainer that was pending in the justice court.

On July 2, 2016, after a "couple of days" of trial in justice court on Baker's forcible detainer suit, the parties announced they had reached a settlement. Magness's attorney announced on the record before the court that the settlement was "the mutual dismissal of the respective lawsuits that have been brought by the parties against each other," including both the forcible detainer action and the claims filed in district court, and a mutual release. After an off-the-record-discussion, the attorneys went back on the record to discuss Baker's intentions to retract and cancel some leases and powers of attorney he signed during the course of the litigation. The record then reflects the following:

> THE COURT: Okay. So, as I understand it, you're going to negotiate a whole new lease?
>
> MR. JOHNSON [Magness's attorney]: We're going — yeah, we're going to —
>
> MR. STERN [Baker's attorney]: We're going to do a — we're going to make some amendments so that neither one can kick the other off the property — okay — and, also, so that Mrs. Magness — maybe through corporate structure or

whatever y'all want to do — so she's protected somehow in case something happens to her husband.

MR. JOHNSON: The two 99-year leases for the hunting and fishing are intact; but the terms and conditions, we're going to modify and change so they'll be in accordance with the parties' wishes now.
Anything else, Mr. Stern?

MR. STERN: No. I think that's it.

MR. JOHNSON: Well, thank you again very much for helping us out here.

THE COURT: You are very welcome.

On August 1, 2016, Magness dismissed his claims in the district court lawsuit. Baker's counter-claims, however, were not dismissed.

On January 24, 2017, Magness filed a motion in the district court seeking to enforce the settlement agreement announced on the record in justice court. Baker, who had retained new counsel, filed a response to the motion on February 24, 2017, asserting the parties never reached a binding settlement agreement. On February 28, 2017, Magness filed a reply to Baker's response. On April 10, 2017, the trial court held a hearing and signed an order denying Magness's motion.

On September 13, 2017, Baker filed a second amended counter-claim, asserting any alleged verbal lease was unenforceable under the statute of frauds. Baker also requested the trial court declare the 2010 and 2011 written leases to be void under the statute of frauds because they contained inadequate property descriptions. Alternatively, Baker requested the trial court to declare the leases were cancelled and terminated due to Magness's breach of their terms. Baker also pled numerous other claims.

On June 1, 2018, Baker filed an amended motion for summary judgment asserting: (1) any alleged verbal leases are unenforceable under the statute of frauds because they are contracts to lease real estate for a period longer than one year, and the written leases are unenforceable under the statute of frauds because the property descriptions are inadequate; (2) the leases are

unenforceable on unconscionability grounds; (3) the leases were terminated based on Magness's breach of their terms by: (a) constructing improvements; (b) hunting animals other than deer; and (c) failing to make timely payments.

On July 10, 2018, Magness filed a response to Baker's amended motion for summary judgment asserting: (1) Baker provided the property descriptions, and the parties' mutual mistake requires the written leases to be reformed to correct the property descriptions; (2) the written leases are enforceable based on partial performance; (3) Baker should be estopped to deny the settlement reached by the parties in justice court agreeing to dismiss the claims; and (4) the written leases are not unconscionable. With regard to the alleged breaches, Magness contended Baker gave permission for the improvements and the hunting of additional animals, and Magness paid all amounts owed under the leases.

On July 17, 2018, the trial court held a hearing on Baker's amended motion for summary judgment. On that same day, Magness filed an answer to Baker's second amended counter-claim asserting a general denial. Also on that same day, Baker filed a reply in support of his amended motion for summary judgment, asserting Magness could not defeat summary judgment based on unpled affirmative defenses, including estoppel and partial performance. Baker also filed objections to Magness's summary judgment evidence.

At the hearing on Baker's amended motion for summary judgment, Magness's attorney requested permission to amend his answer to plead the affirmative defenses relied on in his response, and the trial court verbally denied the request. At the conclusion of the hearing, the trial court granted Baker's motion. The trial court's judgment declares any leases Magness purported to have on Baker's property to be void and unenforceable. The trial court's judgment also declares that "even if any such leases existed in the past, they were breached by John Magness and are currently expired by their own terms." Magness appeals the trial court's judgment.

**MOTION TO ENFORCE**

In his first issue, Magness contends the trial court erred in denying his motion to enforce the settlement agreement. Baker responds Magness's motion to enforce was not a proper procedure to pursue a claim alleging breach of a settlement agreement. Baker further contends the settlement agreement dictated into the record did not contain all essential terms.

This court has repeatedly held "'the only method available for enforcing a settlement agreement is through summary judgment or trial. To allow enforcement of a disputed settlement agreement simply on motion and hearing would deprive a party of the right to be confronted by the appropriate pleadings, assert defenses, conduct discovery, and submit contested fact issues to a judge or jury.'" *In re Estate of Dean*, No. 04-17-00009-CV, 2018 WL 1072359, at *3 (Tex. App.—San Antonio Feb. 28, 2018, pet. denied) (quoting *Gamboa v. Gamboa*, 383 S.W.3d 263, 269-70 (Tex. App.—San Antonio 2012, no pet.)).

More importantly, however, a contract is not enforceable unless the court can determine the parties' legal obligations and liabilities. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992); *Am.'s Favorite Chicken Co. v. Samaras*, 929 S.W.2d 617, 622 (Tex. App.—San Antonio 1996, writ denied). In order to be enforceable, the parties must have agreed on the contract's material terms. *T.O. Stanley Boot Co.*, 847 S.W.2d at 221; *Am.'s Favorite Chicken Co.*, 929 S.W.2d at 622. If an essential term is left open for future negotiation, the contract is not binding. *T.O. Stanley Boot Co.*, 847 S.W.2d at 221; *Am.'s Favorite Chicken Co.*, 929 S.W.2d at 622. Stated differently, "[w]hen an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding on the parties and merely constitutes an agreement to agree." *Martin v. Martin*, 326 S.W.3d 741, 749 (Tex. App.—Texarkana 2010, pet. denied). Whether an agreement fails for indefiniteness is a question of law we review de novo. *Martin*, 326 S.W.3d at 747; *Am.'s Favorite Chicken Co.*, 929 S.W.2d at 622.

Here, during the hearing before the justice court, the attorneys for both parties stated the written leases would be amended, leaving the essential terms of those amendments open for future negotiation. Absent an agreement regarding the proposed amendments, we cannot determine the parties' legal obligations and liabilities under the leases. Accordingly, the settlement agreement merely constituted an agreement to agree and is not binding or enforceable. *See T.O. Stanley Boot Co.*, 847 S.W.2d at 221; *Martin*, 326 S.W.3d at 749; *Am.'s Favorite Chicken Co.*, 929 S.W.2d at 622.

Magness's first issue is overruled.

### SUMMARY JUDGMENT

In his fourth issue, Magness contends the trial court erred in granting Baker's amended motion for summary judgment. In arguing this issue, Magness cites portions of the summary judgment evidence relating to "the issue of non-payment" and "the issue of improvements and whether there was permission for those improvements." Magness then concludes the trial court erred in granting the motion "because there were material issues of fact to be resolved by the jury."

In his brief, Magness has only challenged the summary judgment on the grounds that he did not breach the written leases, and he addresses only two of the three breaches raised in Baker's motion. Also, Magness does not address the other grounds raised in Baker's motion, including statute of frauds and unconscionability.

"'An appellant must attack every ground upon which summary judgment could have been granted to obtain a reversal.'" *Irving v. Church of Christ Boerne, Tex.*, No. 04-15-00616-CV, 2016 WL 1464209, at *4 (Tex. App.—San Antonio Apr. 13, 2016, pet. denied) (mem. op.) (quoting *Krueger v. Atascosa Cty.*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.)). "If the appealing party fails to challenge a ground on which the movant asserted a right to summary judgment in the trial court, we 'need not review the merits of the challenged ground and may affirm

- 6 -

on an unchallenged ground.'" *Id*. Because Baker moved for summary judgment on grounds Magness does not challenge on appeal, we must affirm the trial court's judgment on the unchallenged grounds.[1] *Id*.

### AMENDMENT TO ANSWER

In his second issue, Magness contends the trial court erred in denying his request to amend his answer to add the affirmative defenses of "estoppel, part performance and quantum meruit." Magness contends Baker would not be prejudiced or surprised because he referenced the same affirmative defenses in his response to Baker's original motion for summary judgment, and that response was on file seven months before the hearing on Baker's amended motion for summary judgment.

"A trial court has the discretion to refuse a trial amendment when the amendment asserts a new cause of action or defense, and therefore, is prejudicial on its face, and the opposing party objects to the amendment." *Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 116 (Tex. App.—San Antonio 2011, pet. denied). And, a request for a trial amendment should be denied "when it appears that the new matter was known to the party seeking to file the amendment." *Id*.

Here, Magness clearly sought to assert a new defense through a trial amendment, and Baker objected to the amendment. At the summary judgment hearing, Baker's attorney argued that if the affirmative defenses had been affirmatively pled, "we would have conducted discovery on them and we would have raised points about them; but none of that is even proper argument today, because it wasn't pled." In addition, Magness's assertion of the affirmative defenses in his response to Baker's original motion showed he knew about those defenses seven months before

---

[1] In his third issue, Magness contends the trial court erred in granting Baker's objections to his summary judgment evidence. Because we affirm the summary judgment based on Magness's failure to challenge each of the grounds raised in Baker's motion, we need not further address Magness's third issue. *See* TEX. R. APP. P. 47.1.

the hearing on Baker's amended motion. We need not, however, decide if the trial court abused its discretion in denying the trial amendment because none of the affirmative defenses pertained to the unconscionability ground asserted in Baker's amended motion. Because Magness did not challenge that independent ground for summary judgment in his brief, error, if any, in denying his request for a trial amendment would be harmless.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice