

# NUMBER 13-24-00472-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PETER RUGGERO, AS TRUSTEE
FOR THE BANKRUPTCY ESTATE
OF CHRISTOPHER W. FLOYD,                                    Appellant,

v.

DONNELL, KIESCHNICK, WOLTER
& GAMEZ, A PROFESSIONAL
CORPORATION, SANDRA
STERBA-BOATWRIGHT,
KRISTINA FERNANDEZ,
AND TEXAS FARM BUREAU,                                     Appellees.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 3
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West**
**Memorandum Opinion by Chief Justice Tijerina**

Peter Ruggero, as trustee for the bankruptcy estate of Christopher W. Floyd

appeals the trial court's granting for summary judgment in favor of appellees Donnell, Kieschnick, Wolter & Gamez, a professional corporation (the Firm), Sandra Sterba-Boatwright, Kristina Fernandez, and Texas Farm Bureau (TFB). By several multifarious issues, appellant argues that the trial court's granting of summary judgment was erroneous. We affirm.

## I.    BACKGROUND

"On December 8, 2014, Christopher Floyd collided head-on with a vehicle, resulting in the deaths of driver Faye Moser and her passenger Teresa Moody." *Moser v. Tex. Farm Bureau Mut. Ins. Co.*, No. 13-19-00452-CV, 2021 WL 4312969, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 23, 2021, pet. denied) (mem. op.). Floyd had an auto liability insurance policy with TFB with bodily injury policy limits of $30,000 per person and $60,000 per accident. *Id.* On March 9, 2015, TFB received a *Stowers* demand from Moser's and Moody's heirs, which TFB accepted on March 23, 2015. *Id.* TFB sought information and the amount to pay each beneficiary. *Id.*

On May 19 and June 30, 2015, TFB sent e-mail correspondence to follow up on its March 23, 2015 acceptance of the heirs' *Stowers* demand. *Id.* The heirs responded on June 30, 2015, stating they were still awaiting information from the Texas Department of Public Safety. *Id.* On August 10, 2016, the heirs filed suit against TFB and sent another *Stowers* demand on December 22, 2017. *Id.* at *2. TFB accepted and offered policy limits in return for a full and final release from any and all claims, but the heirs declined the counteroffer. *Id.*

Trial commenced on January 29, 2018, and the jury returned a verdict of $11,885,974.35 in favor of the heirs and found that Floyd was not liable for intoxication

2

manslaughter. On March 21, 2018, the trial court held a hearing on a motion to enter judgment. *Id.* TFB informed the trial court that it wanted to tender payment immediately into the registry of the court so that post-judgment interest would not accrue. *Id.* The trial court entered judgment, and TFB issued checks to the heirs. On March 23, the heirs responded that the checks were "in the wrong amount." *Id.* TFB responded the next day urging the heirs to discuss what concerns they had regarding the checks and reiterating TFB's desire to tender policy limits. *Id.*

On May 23, 2018, TFB filed an interpleader seeking to deposit checks into the registry of the court, stating that an interpleader was necessary to meet its obligations and that it consistently offered policy limits to the heirs throughout the entire proceeding. *Id.* The heirs filed a counterclaim seeking over $700,000 in post-judgment interest because TFB failed to tender its checks correctly. *Id.*

The heirs and TFB filed competing motions for summary judgment. *Id.* at *3. After a hearing, the trial court granted TFB's motion for summary judgment. The heirs appealed, and this Court affirmed the trial court's judgment. *Id.*

On June 17, 2024, appellant filed his third amended petition and the underlying suit against appellees for negligence and gross negligence, breach of fiduciary duty, knowing participation in a breach of fiduciary duty, and "breach of contract and estoppel to deny liability for post-judgment interest due to violation of the Texas public policy and unclean hands."[1] The petition alleged that the firm represented Floyd and TFB throughout litigation, which, according to appellant, created a conflict of interest that was not disclosed to Floyd. Appellant asserted that TFB's instigation and participation in the

---

[1] Other than reciting "breach of contract," we note that appellant did not plead breach of contract, address any of the elements, or integrate a breach of contract cause of action.

conflict of interest by using the firm to "reduce its liability while increasing the liability of its own insured, are grounds for estoppel to prevent TFB from denying liability for post-judgment interest." Appellant asserted that this conduct "constitutes unclean hands" and further pleaded the affirmative defense of fraudulent concealment, stating that it tolled the statute of limitations.

On June 6, 2024, appellant filed a combined traditional and no-evidence motion for summary judgment. Appellant asserted that the firm's representation of TFB in the interpleader violated *Employers Casualty Co. v. Tilley*, 496 S.W.2d 552 (1973) because "Floyd never got the opportunity to participate in the case that ultimately imposed on him millions of dollars of liability for post-judgment interest"; Floyd was prejudiced as a matter of law from the conflict of interest; TFB is estopped from asserting the defense of legal justification for liability and post-judgment interest; and appellees' affirmative defenses of res judicata, collateral estoppel fail as a matter of law because Floyd was not a party to the underlying lawsuit and no privity existed between him and the heirs.

On August 2, 2024, appellees filed a competing combined traditional and no-evidence summary judgment. In its traditional motion, appellees asserted that appellant's claims of negligence and gross negligence are barred by the statute of limitations; this Court's *Moser* opinion precludes appellant's claims because of the affirmative defenses of res judicata and collateral estoppel; appellant did not present evidence of causation and damages and therefore cannot maintain a breach of fiduciary claim; TFB had a legal duty to file an interpleader and therefore appellees have the affirmative defense of legal justification; and appellant, as trustee, lacks standing to bring a malpractice claim against

4

appellees. Appellees attached an array of exhibits to support their position.[2] In its no-evidence motion, appellees asserted there was no evidence that appellant had standing because appellant did not present evidence that appellees wronged appellant personally; there is no evidence of any legal malpractice elements; there is no evidence of gross negligence, breach of fiduciary duty, or fraudulent concealment.

Appellant responded that TFB knew the firm owed Floyd a fiduciary duty; TFB knew it was wrong to use the same firm to defend and prosecute a dispute involving the rights of the same insured; TFB gave the firm approval to file an interpleader; TFB knew that post-judgment interest would be imposed onto Floyd; TFB paid the firm its fees under the same cause number as Floyd's defense; and TFB told Floyd it would continue to provide him a defense.

The trial court granted the motion for summary judgment in favor of appellees and dismissed appellant's claims. Appellant filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## II.    STANDARD OF REVIEW

We review a trial court's order granting summary judgment de novo, taking as true all evidence favorable to the nonmovant, indulging every reasonable inference, and resolving any doubts in the nonmovant's favor. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). A trial court may render summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues [presented]." TEX. R. CIV. P. 166a(c). "When

---

[2] Appellees included Floyd's deposition wherein he stated he was informed of the interpleader and consented to appellees' continued representation of him. Appellees further attached text messages from Floyd to the firm expressing gratitude and appreciation in securing a no-finding in the intoxication manslaughter charge.

5

the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). "When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence and determine all questions presented." *Tex. Mut. Ins. Co. v. PHI Air Med., LLC*, 610 S.W.3d 839, 846 (Tex. 2020). "[W]hen the motion asserts both no-evidence and traditional grounds, we first review the no-evidence grounds." *Hansen*, 525 S.W.3d at 680.

### III. CAUSES OF ACTION

### A. Negligence, Gross Negligence, Assignment

In their motions for summary judgment, appellees stated that appellant did not have standing to bring legal malpractice claims against appellees because the alleged wrongs did not affect appellant, as trustee, personally. Appellees alleged that a trustee may not assert Floyd's "unasserted claims" against Floyd's attorneys and that appellant could present no evidence that he had a justiciable interest in the suit as the appellees did not wrong him personally. Additionally, appellees stated that Texas law and public policy prohibited the assignment of legal malpractice claims. Appellees further challenged the elements required in a legal malpractice claim.

Appellant did not address these arguments in his response to appellee's motion for summary judgment. "An appellant's failure to specifically challenge every possible ground for summary judgment waives any error." *Krueger v. Atascosa County*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.). Because the trial court could have granted summary judgment on the basis that appellant did not have standing to

6

raise legal malpractice claims against appellees, "we need not review the merits of this unchallenged ground." *See id.* ("Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground."). Accordingly, we conclude the trial court did not err by granting summary judgment on these grounds.

**B.     Breach of Fiduciary Duty, Knowing Participation, Fraudulent Concealment**

In their no-evidence summary judgment motion, appellees argued that appellant's breach of fiduciary duty claim was "an improperly fractured malpractice claim," and "Texas courts do not allow plaintiffs to convert what are really negligence claims into claims for fraud, breach of contract, [or] breach of fiduciary duty." Alternatively, appellees argued that appellant presented no evidence of a breach, causation, or damages. Specifically, appellees asserted there was no evidence that any breach of duty proximately caused any harm to Floyd or resulted in an improper benefit to appellees. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (providing the elements for breach of fiduciary duty are the existence of a fiduciary duty, breach, causation, and damages). Appellees further challenged each element of fraudulent concealment, asserting that appellant could not produce evidence that appellees knew Floyd was wronged and yet concealed the alleged wrong to deceive Floyd. *See United Healthcare Servs., Inc. v. First St. Hosp. LP*, 570 S.W.3d 323, 341 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (asserting the elements of fraudulent concealment are the existence of an underlying tort, the defendant's knowledge of the tort, the defendant's use of deception to conceal the tort, and the plaintiff's reasonable reliance on the deception).

Again, appellant did not address the arguments that his breach of fiduciary duty

claim was a legal malpractice claim, and conversion of negligence claims into claims for fraud, breach of contract, or breach of fiduciary duty is precluded. *See Krueger*, 155 S.W.3d at 621. Instead, in response to the no-evidence motion, appellant stated:

> This case presents two possibilities. Either (1) TFB, one of the largest insurers in the state, is so incompetent that it failed to identify an obvious conflict of interest; or (2) TFB was fully aware of the conflict at all relevant times. That is a question for the jury to decide. TFB's no-evidence motion must be denied.

Appellant submitted TFB's "litigation guidelines for defense counsel" and deposition excerpts from David Jones, a litigation manager and claim adjuster at TFB, and Clay Coalson, an attorney at TFB. In his deposition, Jones stated that TFB would not "utilize the same lawyer" to represent the insured to then investigate and or litigate the policy defense; however, Jones stated he did not understand that this occurred here. In his deposition, Coalson merely confirmed that the firm's billing statement dated May 3, 2018, stated "telephone conference with Dave Jones regarding his okay to proceed with interpleader on policy tender limits tender"; however, Coalson could not recall that conversation.

Appellant stated "in light of all the evidence cited in this response, a reasonable inference arises that TFB *knew* it was participating in a breach of [the firm's] duty to Floyd" and insisted that the "fact that there is not a specific document where TFB explicitly acknowledges it is participating in a breach of fiduciary duty is not fatal to [appellant's] claims." However, appellant did not discuss any of the elements to support a breach of fiduciary duty claim or fraudulent concealment claim in response to appellees' no-evidence motion. Moreover, appellant did not identify evidence or explain how that evidence supports any of the challenged elements regarding appellant's causes of action.

8

*See Bich Ngoc Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776 (Tex. App.—Dallas 2013, pet. denied) ("Merely citing generally to voluminous summary judgment evidence in response to either a no-evidence or traditional motion for summary judgment is not sufficient to raise an issue of fact to defeat summary judgment."); *United Healthcare*, 570 S.W.3d at 341. An appellant seeking to defeat a no-evidence motion for summary judgment must present evidence raising a fact issue on each of the challenged elements. *Aguilar v. Morales*, 162 S.W.3d 825, 838 (Tex. App.—El Paso 2005, pet. denied). "In the absence of any guidance from the non-movant where the evidence can be found, the trial and appellate courts are not required to sift through voluminous deposition transcriptions in search of evidence to support the non-movant's argument that a fact issue exists." *Id.* Thus, we conclude that in response to appellees' no-evidence motion for summary judgment, appellant did not produce evidence raising a fact issue as to breach, causation, damages, the existence of an underlying tort, appellees' knowledge of the tort, appellees use of deception to conceal the tort, and Floyd's reasonable reliance on the deception. Accordingly, we cannot conclude that the trial court erred in granting appellees' no-evidence summary judgment and dismissing appellant's causes of action.[3] We overrule appellant's sole issue.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
26th day of March, 2026.

---

[3] Because appellant did not produce evidence to raise a fact issue as to his causes of action, we need not address appellees' affirmative defenses. *See* TEX. R. APP. P. 47.1.

9