

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00298-CV

---

**PETER KOEGEL, APPELLANT**

**V.**

**FRONK OIL CO., INC., APPELLEE**

---

On Appeal from the 31st District Court
Lipscomb County, Texas
Trial Court No. 22-01-4924, Honorable Steven R. Emmert, Presiding

---

June 18, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant Peter Koegel, proceeding pro se, appeals the final judgment against him in a suit filed by appellee Fronk Oil Co., Inc., for deceptive trade practices, fraud, and negligent misrepresentation. We affirm.

**BACKGROUND[1]**

---

[1] Although the appellate record is extensive, we set forth a somewhat limited recitation of the factual and procedural background here because the resolution of this appeal does not require more.

In May of 2018, Fronk Oil entered into a software license agreement with Xoffice, LLC, a company founded and operated by Koegel. Soon after the software went live in April 2019, Fronk Oil discovered that it did not function as represented by Koegel. As its business began to suffer and Koegel failed to provide the 24/7 support he had promised, Fronk Oil abandoned its use of the software in May 2019. Fronk Oil sought a refund of the $204,300 license fee and the $4,527.02 spent on servers and hardware but Koegel did not respond.

Fronk Oil then exercised the arbitration clause under its agreement with Xoffice and submitted a Demand for Arbitration to the American Arbitration Association, with notice to both Xoffice and Koegel. Soon after the demand for arbitration was delivered to Koegel, he terminated the existence of Xoffice. He then formed Fuelsoft LLC and transferred ownership of the Xoffice software to the newly formed entity. Koegel also created a trust and purported to transfer all of his and his wife's assets into it.

Neither Xoffice nor Koegel appeared for arbitration. Following an evidentiary hearing, the arbitrator found in favor of Fronk Oil on its claims that Xoffice breached the contract, breached the express warranty in the contract, committed fraud, and made negligent misrepresentations. On September 30, 2021, the arbitrator awarded Fronk Oil $204,000 in damages against Xoffice, plus $65,794 in attorneys' fees. Despite having found "persuasive evidence" that Koegel is the alter ego of Xoffice, the arbitrator determined that she was not able to enter an arbitration award against Koegel individually, as he had not signed the arbitration agreement in his individual capacity.

2

Fronk Oil brought the instant lawsuit against Koegel in January of 2022 alleging that Xoffice is the alter ego of Koegel and that Koegel and Xoffice were liable for violations of the Deceptive Trade Practices Act, breach of express and implied warranties, breach of contract, fraud, and negligent misrepresentation. The trial court granted Fronk Oil's traditional and no-evidence motions for partial summary judgment, awarding actual damages and disposing of all claims as to liability for Fronk Oil's causes of action against Koegel. Koegel's counterclaims were dismissed. The case proceeded to a jury trial on September 30, 2024, on the remaining issues of additional damages under the DTPA and attorneys' fees. On October 3, the trial court entered a final judgment incorporating the partial summary judgment and awarding damages and attorneys' fees to Fronk Oil. Koegel then brought this appeal.[2]

## ANALYSIS[3]

### Issue 1: Motion to Compel and for Sanctions

In his first issue, Koegel asserts the trial court's failure to rule on his motion to compel and for sanctions constituted a denial of due process. Koegel filed a "Motion to Compel and Motion for Sanctions of Perjury and Request for Hearing on Same" on July 12, 2024, and the motions were heard on August 22. Koegel's motions failed to identify

---

[2] While we construe liberally pro se pleadings and briefs, we nonetheless hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Koegel's brief indicates that he lacks an understanding of certain legal concepts and rules at issue, but his decision to proceed pro se does not relieve him of his obligation to properly present his case.

[3] The six issues stated in the "Issues Presented for Appeal" section of Koegel's brief are not the same as the seven issues argued in the body of the brief. We consider the issues as presented in the body of Koegel's second amended brief.

3

specific discovery requests with which Fronk Oil had not complied but generally asserted that Fronk Oil's "answers and document production are inadequate responses." In his argument at the hearing, Koegel sought to compel Fronk Oil to "change the answer" to a request for admission, which the trial court correctly declined to do. Koegel also complained about Fronk Oil's document production. When counsel for Fronk Oil indicated that the requested documents had been provided, Koegel responded that he would "have to double-check" because he "didn't see it." Fronk Oil agreed to resend its responses, the parties clarified Koegel's correct email address, and the hearing concluded. Koegel failed to raise any objection to the outcome of the hearing, including any ruling or failure to rule on his motions.

To preserve a complaint for our review on appeal, the record must show that a specific complaint was made to the trial court by a timely request, objection, or motion, and that the trial court ruled on that request, objection, or motion. TEX. R. APP. P. 33.1(a); *Cal Dive Offshore Contractors, Inc. v. Bryant*, 478 S.W.3d 914, 921 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (failure to obtain ruling or object to failure to rule waived argument). Because Koegel failed to present his objection to the trial court and obtain a ruling, he did not preserve his complaint. We overrule Koegel's first issue.

Issue 2: No-Evidence Motion for Partial Summary Judgment

Second, Koegel claims that the trial court erred by granting Fronk Oil's no-evidence motion for partial summary judgment. We note that most of the factual representations made by Koegel in his argument to this Court are not followed by citation to the clerk's record, which is just shy of 9,000 pages, or to the multi-volume reporter's record.

4

Furthermore, appellants are obligated to cite legal authority in support of the issues argued. TEX. R. APP. P. 38.1(i). They must also provide substantive analysis of their issues. *Sunnyside Feedyard v. Metro. Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.). Koegel's failure to provide record references, relevant legal authority, and any substantive application of that authority provides a sufficient basis for this Court to affirm the trial court's summary judgment on the grounds of waiver. *See id.*; *see also Handy v. 1100 Reinli St. LLC,* No. 07-23-00025-CV, 2023 Tex. App. LEXIS 5629, at *4 (Tex. App.—Amarillo July 31, 2023, pet. denied) (mem. op.). Nevertheless, we mention another basis compelling us to overrule this issue.

Fronk Oil filed both traditional and no-evidence motions for partial summary judgment, both of which were granted by the trial court. Because Koegel has raised no challenge to the trial court's granting of Fronk Oil's traditional motion, which addressed the same causes of action as the no-evidence motion, we necessarily overrule Koegel's issues related to the no-evidence summary judgment as moot. *See Krueger v. Atascosa Cnty.*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.) ("Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground."). Koegel's second issue is overruled.

Issue 3: Fraudulent Concealment and Misrepresentation

By his third issue, Koegel alleges that Fronk Oil's "fraudulent concealment and misrepresentations to the court require reversal." Koegel claims that Fronk Oil's principals falsely "represented that the company had no previous lawsuits." Once again,

5

Koegel fails to provide citations to the record that support his claim. Koegel has not identified any such statement by Fronk Oil in the record, whether in testimony or in a written response to discovery, nor has he established the falsity of any such statement via the appellate record. Koegel directs the Court to Fronk Oil's Notice of Service of Discovery Requests and Notice of Discovery Responses, but the actual requests and responses are not attached.[4]

Although we interpret Rule 38.1's briefing requirements liberally, parties "must put forth some specific argument and analysis showing that the record and the law support[] their contentions." *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Additionally, appellate courts are not required to sift through the record without guidance from the party to find support for a party's bare assertion of error. *See Reliant Energy Servs., Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 794 n.36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). At the very least, we cannot evaluate the merits of Koegel's complaint about Fronk Oil's statements when Koegel has not identified those statements in the record. Accordingly, we conclude that Koegel has waived his third issue by failing to support it with appropriate legal authority and relevant citations to the record. Issue three is overruled.

---

[4] Based on statements made by the trial court, it appears that Koegel's complaint may arise from Fronk Oil's denial of a request for admission asking Fronk Oil to "admit that every business affiliation of Fronk Oil has resulted in a lawsuit." However, the parties' discovery requests and responses are not part of the record.

Issue 4: Opportunity to Present Case

In issue four, Koegel claims that the trial court denied him a fair opportunity to present his case to the jury by excluding evidence of Fronk Oil's misconduct and suppressing Koegel's constitutional arguments. Specifically, Koegel contends that the trial court improperly excluded evidence that it was Fronk Oil, not Xoffice or Koegel, that caused the software to fail.

As set forth above, the trial court entered partial summary judgment finding Koegel liable on all of Fronk Oil's causes of action. The jury trial was therefore limited to the remaining issues of damages and attorneys' fees. Rule of Evidence 402 states that evidence that is not relevant is inadmissible. TEX. R. EVID. 402. Because the scope of the trial was properly limited to the determination of damages and attorneys' fees, the trial court did not err in excluding evidence not relevant to making those determinations. We overrule Koegel's fourth issue.

Issue 5: Expert Testimony

By his fifth issue, Koegel contends that the trial court abused its discretion by excluding Koegel's expert evidence and relying on lay testimony for technical matters. Koegel claims that his software expert would have "contextualized" the software failure and, presumably, opined that "Koegel's product was not entirely to blame." As indicated above, the issue of liability was not tried to the jury, so such evidence was not relevant and thus properly excluded. Moreover, the record reflects that Koegel did not call any expert as a witness at trial. Instead, he attempted to testify himself regarding what his expert had concluded. Such testimony was properly excluded as hearsay. *See* TEX. R.

7

EVID. 802. Finally, the allegedly improper "lay testimony" complained of by Koegel was not testimony, but rather an assertion from Fronk's opening statement at trial, to which Koegel did not object, and a statement by the trial court explaining to Koegel that the issue of liability had already been decided. We conclude that Koegel's fifth issue is without merit and, accordingly, it is overruled.

Issue 6: Jury Coercion

In issue six, Koegel claims that the trial court improperly coerced the jury, undermining the integrity of the verdict. Koegel specifically challenges a statement by the trial court to a juror after opening statements. In the course of their conversation, the trial court discusses "staying late" and states that late means "after 5:00." The trial court adds, "I mean, we've left this courthouse at 2:00 in the morning before." The court goes on to state that they can decide later whether they "can finish today or be back tomorrow." Koegel suggests that the trial court pressured the jurors to compromise or hasten their verdict.

In assessing the coercive effect of a trial court's statements, we must consider them in their context and under all circumstances. *Barnett v. State*, S.W.3d 128, 133 (Tex. App.—Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex. Crim. App. 2006). Viewed in its context, the trial judge's reference to having stayed late before was anecdotal and not intended to be coercive. Further, because both parties rested and closed on the first day of trial, with jury deliberations beginning the following morning, we are adequately assured that the jurors were not, as Koegel asserts, "compromised to avoid late-night deliberations." Finally, we note that no objection was made to the trial court's statements,

8

and the record does not indicate that any of the jurors felt coerced. In sum, based on our review of the circumstances, we conclude that the trial court's statement did not result in any actual jury coercion. We thus overrule Koegel's sixth issue.

Issue 7: Cumulative Error

In his final issue, Koegel asserts that cumulative structural errors and post-judgment judicial misconduct deprived him of due process. Koegel raises a variety of complaints concerning alleged irregularities and misconduct. However, Koegel fails to cite to the record where these complaints allegedly arise, and likewise fails to provide citation to legal authority in support of his argument.[5] Because Koegel offers only bare allegations and unsupported assertions of error, we conclude that his briefing fails to satisfy Rule 38.1. *See* TEX. R. APP. P. 38.1. We overrule Koegel's seventh issue.

## CONCLUSION

For the reasons set forth above, we overrule each of Koegel's complaints on appeal and affirm the judgment of the trial court. Further, we deny Koegel's "Request for Judicial Notice of Related Proceedings," filed on October 29, 2024, and his "Request for Judicial Notice of RICO Violations," filed on November 13, 2024, which were previously carried with the case by orders of this Court.

Judy C. Parker
Justice

---

[5] The single purported case cited in this portion of Koegel's argument does not exist.